**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Civil Division
134 W. Soledad Avenue, Suite 302
*Hagåtña*, Guam 96910 • USA
671-475-2710 (tel) • 671-477-2493 (fax)
www.guamattorneygeneral.org

**Attorneys for the Government of Guam (People of Guam)**

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM VISITORS BUREAU, a Guam public corporation, and GEORGE CHIU, in his individual capacity as Chairman of the Board of Directors of the Board of the Guam Visitors Bureau,<br><br>Defendant. | Civil Case No.: 26-00017<br><br>**Motion to Dismiss Pursuant to FRCP 12(b)(1),(5) & (6), and Supporting Memorandum** |

Concurrently filed is a Motion for Clarification. We respectfully request that the motion be considered and decided before this motion to dismiss. Who represents Defendant Guam Visitors Bureau ("GVB") and what is the extent that GVB management officials may direct the Attorney General of Guam as the Chief Legal Officer for the Government of Guam in performing his legal duties are at issue. Those issues are key to proceeding in an ethical manner. This legal brief has been developed on behalf of GVB / Government of Guam pursuant to 48 U.S.C. § 1421g(d)(1) and 12 GCA § 9109(b). If the Court determines that the Attorney

General of Guam does not direct and control litigation, and that GVBs officials do, we respectfully request leave of Court so that GVB may have its version filed. It is our understanding that GVB may have a different motion to dismiss to file in such case, or is in the process of meeting as a board to direct.

That being said, *supra*, we on behalf of GVB, which is an entity and part of the Government of Guam, hereby move the Court for an order dismissing the Complaint for Count One -- Violation of Federal Civil Rights Under 42 U.S.C. § 1983 Monell Liability (Fourteenth Amendment), Count Four – Negligent Supervision (Guam Common Law), Count Five – Negligent Training (Guam Common Law, Public Policy), Count Six – Negligent Hiring and Retention (Guam Common Law) filed by Plaintiff Jane Doe ("Plaintiff"). This Motion is made under Rules 12(b)(1), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure:

As to the complaint in its entirety, the plaintiff has failed to provide proper service, therefore the court lacks jurisdiction over this matter. 5 GCA § 6209, FRCP 12(b)(5).

As to Count One, this court lacks jurisdiction as GVB is not a "person" for the purposes of 42 U.S.C. § 1983, making the statute inapplicable, accordingly there is not federal question jurisdiction pursuant to 28 U.S.C. § 1331 arising from § 1983. *Ngiraingas v. Sanchez*, 495 U.S. 182, 192, 110 S. Ct. 1737, 1743, 109 L. Ed. 2d 163 (1990). In the alternative, GVB was not acting under color of law.

As to Counts Four, Five and Six these causes of action do not pose a federal question, nor does the court possess supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over these Guam Common Law Causes of Action. Although Plaintiff invokes § 1983, Count One fails because GVB is not a "person" subject to suit under the statute. Accordingly, Count One should be dismissed under Rule 12(b)(6). Upon dismissal of the

sole federal claim, the Court should decline supplemental jurisdiction under § 1367(c).

Further, as to Counts Four, Five and Six the plaintiff has failed to allege compliance with the Government Claims Statute, and this failure to exhaust administrative remedies, bars the instant suit. 12 GCA § 6106, 6201, 6202.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Guam Visitors Bureau submits this memorandum of points and authorities in support of its motion to dismiss (Fed. R. Civ. P 12(b)(1)(6) the Complaint filed by JANE DOE ("Plaintiff").

## I. INTRODUCTION

Plaintiff brings the instant action against the Guam Visitors Bureau in the District Court of Guam. The plaintiff alleges that "[t]his Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, and has supplemental jurisdiction over Guam law claims under 28 U.S.C. § 1367(a) as they arise from the same case or controversy." (Complaint at ¶ 1).

As per the complaint, Plaintiff alleges that "GVB is [] a government agency located in Guam[.]" (Complaint at ¶ 2). This judicial admission establishes that GVB is not a "person" for the purposes of liability under 42 U.S.C. § 1983. In the alternative, if GVB is not an agency of the government of Guam and is merely a public corporation 42 U.S.C. § 1983 liability does not extend to corporations. In either event, 42 U.S.C. § 1983, cannot create a federal question pursuant to 28 U.S.C. § 1331.

**II. THE COURT LACKS JURISDICTION AS THE PLAINTIFF HAS FAILED TO PROVIDE SUFFICIENT SERVICE OF PROCESS REQUIRING DISMISSAL PURSUANT TO 12(b)(5)**

"Service of process" refers to a formal delivery of documents that is legally sufficient to charge the defendant with *notice* of a pending action. [See *Volkswagenwerk Aktiengesellschaft v. Schlunk* (1988) 486 US 694, 699, 108 S.Ct. 2104, 2108; *Mann v. Castiel* (DC Cir. 2012) 681 F3d 368, 372—service of process is "a ritual that marks the court's assertion of jurisdiction over the lawsuit" (internal quotes omitted)]

"[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." [*Henderson v. United States* (1996) 517 US 654, 671-672, 116 S.Ct. 1638, 1647-1648; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* (1999) 526 US 344, 350, 119 S.Ct. 1322, 1327]

When exercising federal question jurisdiction (claims arising under federal law), federal courts apply federal law to both substantive and procedural matters. But if they choose to exercise supplemental jurisdiction over related state law claims, the Erie doctrine applies to the state law claims; i.e., substantive issues are determined by state law. [*Crowe v. Wiltel Communications Systems* (9th Cir. 1996) 103 F3d 897, 899; *BancOklahoma Mortg. Corp. v. Capital Title Co., Inc.* (10th Cir. 1999) 194 F3d 1089, 1103; *Achtman v. Kirby, McInerney & Squire, LLP* (2nd Cir. 2006) 464 F3d 328, 337, fn. 4 "Erie doctrine applies, whatever the ground for federal jurisdiction, to any issue or claim which has its source in state law"]

State statutes of limitations are deemed "substantive" for Erie purposes. Federal courts therefore apply the same statute of limitations as would be applied in a state court: "As to consequences that so intimately affect recovery or non-recovery a federal court in a diversity case should follow State law." [*Guaranty Trust Co. of New York v. York* (1945) 326 US 99, 110, 65 S.Ct. 1464, 1470-1471; *Quality Cleaning Products R.C., Inc. v. SCA Tissue North America, LLC* (1st Cir. 2015) 794 F3d 200, 204-205—in diversity cases, federal court must apply relevant state's statute of limitations, including its accrual rules]

The Guam Government Claims Act sets forth the requirements for asserting a claim against the Government of Guam, which ". . . shall include all agencies, departments, instrumentalities, public corporations, and all other entities of the government, no matter how designated, and whether or not such agencies may sue or be sued in their own name." (5 GCA § 6103) The Government Claims Act sets forth that, "All actions brought under this Chapter shall be governed by the law and rules of procedure of the Superior Court of Guam. **Service of process shall be made upon the Claims Officer and upon the Attorney General.** Trial shall be without a jury. (5 GCA § 6209) (emphasis added.) Here, the plaintiff failed to serve the Attorney General. Accordingly, as the plaintiff has failed to provide sufficient service, this court lacks jurisdiction over the instant suit, and the case must be dismissed pursuant to F.R.C.P. 12(b)(5).

**III. THIS CASE MUST BE DISMISSED PURSUANT TO F.R.C.P. 12(b)(1)&(6) AS THE COURT LACKS FEDERAL QUESTION JURISDICION, GUAM IS NOT A "PERSON" SUBJECT TO 42 U.S.C. § 1983 LIABILITY NOR WAS GVB ACTING UNDER THE COLOR OF LAW**

Guam and its agencies are not a "person" for the purposes of the 42 U.S.C. § 1983. Similarly, a public corporation is not a "person for the purposes of the statute. Alternatively, GVB was not acting under the color of law. As a result, the plaintiff has failed to set forth a claim upon which relief can be granted F.R.C.P. 12(b)(6), and 42 U.S.C. § 1983 can not serve as the basis for federal question jurisdiction.

**A. GVB AS AN AGENCY OF THE GOVERNMENT OF GUAM IS NOT A PERSON FOR THE PURPOSES OF 42 U.S.C. § 1983**

42 U.S.C. § 1983 sets forth that "***Every person*** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress' [ . . .]." 42 U.S.C.A. § 1983 (West) (emphasis added)

While the plaintiff has alleged *Monell* liability under § 1983, such reliance is misplaced. *Monell* held that '[c]ongress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2035, 56 L. Ed. 2d 611 (1978) However, GVB is an agency within the government of Guam, and is not a municipality or local government unit. (See plaintiff's complaint at ¶) The Supreme Court in

*Ngiraingas* specifically held that the Government of Guam, its agencies and officials are not "persons" for the purposes of § 1983. (infra)

As set forth by the Supreme Court, "Guam is 'a creation of Congress' and no more than 'an instrumentality of the federal government,' [. . . ], we conclude that Guam, like the federal government, is not a "person" chargeable with violating territorial law under section 1983." *Ngiraingas v. Sanchez*, 849 F.2d 372, 376 (9th Cir.), opinion amended and superseded on denial of reh'g, 858 F.2d 1368 (9th Cir. 1988), aff'd, 495 U.S. 182, 110 S. Ct. 1737, 109 L. Ed. 2d 163 (1990) "In conclusion, when we examine the confluence of § 1983's language, its purpose, and its successive enactments, together with the fact that Congress has defined "person" to exclude Territories, it becomes clear that Congress did not intend to include Territories as persons who would be liable under § 1983. [ . . . W]e agree, that if Guam is not a person, neither are its officers acting in their official capacity. We hold that neither the Territory of Guam nor its officers acting in their official capacities are "persons" under § 1983." *Ngiraingas v. Sanchez*, 495 U.S. 182, 192, 110 S. Ct. 1737, 1743, 109 L. Ed. 2d 163 (1990) [Where Guam, the Guam Police Department and officers acting in their official capacities where not persons under section 1983.]

As the *Ngiraingas* court has held Guam, its officers and its agencies are not "persons," under § 1983. As established by the plaintiff's complaint, "GVB is [. . .] a government agency located in Guam[.]" (Complaint at ¶ 2). This judicial admission on the part of the plaintiff is dispositive GVB is not a "person" for the purposes of § 1983.

## B. THE GUAM VISITORS BUREAU, A PUBLIC CORPORATION, WAS NOT ACTING UNDER COLOR OF LAW

Plaintiff has also alleged that GVB is a public corporation (Complaint at ¶ 2), and that "GVB is not an arm of the Government of Guam" (Complaint at ¶ 5). Plaintiff also alleges that "Guam did not structure GVB to share the Government of Guam's sovereign immunity, GVB was created as a public corporation that may sue and be sued in its own corporate name. 12 G.C.A. § 9105(c). The District Court of Guam and the Ninth Circuit have both determined that GVB is not an instrumentality of the Government of Guam. *Bordallo v. Reyes*, 610 F. Supp. 1128 (D. Guam 1984), aff'd, 763 F.2d 1098 (9th Cir. 1985). GVB's functions-tourism marketing, visitor industry promotion, and partnership management-are not core sovereign functions of the Government of Guam." (Complaint ¶ 6)

Plaintiff's allegations, which constitute judicial admissions, establish that GVB is not only not affiliated with the government of Guam, but also that GVB is not engaging in any government functions. (Complaint ¶¶ 2,5, and 6) However, the statute applies, "by its terms, only to a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory" deprives a person of a constitutional or statutory right, privilege, or immunity. 42 U.S.C. § 1983. A person, which includes a corporation, acts "under color of" state law when they exercise "power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" (internal citations omitted) *White Coat Waste Project v. Greater Richmond Transit Co.*, 35 F.4th 179, 189–90 (4th Cir. 2022) Here, the plaintiff's allegations clearly establish that GVB is not performing any functions made possible only because GVB is "clothed with the authority of state law." *Id.* Plaintiff alleges that GVB performs no sovereign government functions.

The plaintiff has asserted two contradictory theories; 1) that GVB is not an instrumentality of the government of Guam, that GVB is a public corporation, that GVB is not an arm of Guam, that GVB does not perform any government functions, while at the same time alleging that 2) "GVB is a government agency" and that GVB is acting under the color of law. The plaintiff cannot have it both ways.

The plaintiff has failed to state a claim upon which relief can be granted. As there is no viable § 1983 claim against GVB, there is also no federal question arising from the federal statute, and the court lacks jurisdiction over GVB based on a federal question. See, F.R.C.P. 12(b)(1) and 12(b)(6), 28 U.S.C. § 1331.

## IV. AS THE PLAINTIFF HAS FAILED TO ALLEGE COMPLIANCE WITH THE GOVERNMENT CLAIM STATUTE THEIR CAUSES OF ACTION ARE BARRED

The Erie doctrine applies to the state law claims; i.e., substantive issues are determined by state law. [*Crowe v. Wiltel Communications Systems* (9th Cir. 1996) 103 F3d 897, 899; *BancOklahoma Mortg. Corp. v. Capital Title Co., Inc.* (10th Cir. 1999) 194 F3d 1089, 1103; *Achtman v. Kirby, McInerney & Squire, LLP* (2nd Cir. 2006) 464 F3d 328, 337, fn. 4 "Erie doctrine applies, whatever the ground for federal jurisdiction, to any issue or claim which has its source in state law"] State statutes of limitations are deemed "substantive" for Erie purposes. Federal courts therefore apply the same statute of limitations as would be applied in a state court: "As to consequences that so intimately affect recovery or non-recovery a federal court in a diversity case should follow State law." [*Guaranty Trust Co. of New York v. York* (1945) 326 US 99, 110, 65 S.Ct. 1464, 1470-1471; *Quality Cleaning Products R.C., Inc. v. SCA Tissue North America, LLC* (1st Cir. 2015) 794 F3d 200, 204-205—in diversity cases, federal court must apply relevant state's statute of limitations, including its accrual rules]

Here, the plaintiff's Fourth, Fifth and Sixth causes of action are brought under the laws of Guam, and are governed by the Government Claims Act. 5 GCA § 6101 et. seq. (Complaint page 24, 25 and 26.) The Government Claims Act at 5 GCA § 6102 sets forth "**This Chapter applies [ . . . ] to the entire government of Guam**, as specifically stated herein. **No government agency, whether denominated as a line department, an agency or a public corporation, is excluded from the scope of this Chapter. The fact that an agency or instrumentality has or has not the right to sue or to be sued in its own name does not exclude such agency or instrumentality from the scope of this Chapter.** For purposes of this Chapter, **reference to an "autonomous agency" shall include public corporations,** autonomous and semi-autonomous agencies, **including** [ . . .] **the Guam Visitors Bureau**." 5GCA § 6102 (emphasis added).

Under the Government Claims Act there are multiple requirements which are conditions precedent to being able to file suit, including a requirement to file a government claim;

5GCA § 6106 "Limitations on Actions and Filing", sets forth, "(a) All claims under this Act must be filed within 18 months from the date the claim arose, [. . .]. (b) Every action filed under this Chapter shall be barred unless commenced within 18 months from the time the notice that the claim was rejected was served as provided in Article 2 of this Chapter, or within 24 months after the claim was filed in cases where the government does not reject the claim."

5GCA § 6201 "Procedure for Filing Claims" sets forth, All claims shall be filed in duplicate with the Claims Officers responsible for the department or agency against which the claim is made. Each claim shall contain the following information: (a) The complete name and address of the claimant. [. . .]. (b) The amount of damage or other relief claimed. (c) A concise statement of the facts upon which the claim is made, including the time, place and other

circumstances and the department or agency or fund of the government of Guam that is concerned. [ . . .] (e) A statement of whether or not the claimant has received any payment on account of such claim[ . . .]. (f) A statement whether or not any third person has any interest in the claim, [ . . .] (h) A statement as to whether or not the claimant has any insurance covering the damage [ . . .]."

5GCA § 6208. Action Against the Government." sets forth "A claimant may institute an action in contract or tort, [. . .] in the Superior Court of Guam, provided that: (a) The claimant has been notified by registered or certified mail, return receipt requested, that his claim has been rejected in whole or in part; or (b) Thirty (30) calendar days have elapsed since the date of filing a claim for damages to a motor vehicle incurred in an accident involving the motor vehicle of the claimant filed exclusively pursuant to § 6105(b), where the aggregate of the claim for the motor vehicle of the claimant, not including any claim, or any portion of the claim, for personal injury, is for less than Fifteen Thousand Dollars ($15,000.00); or six (6) months have elapsed since the date of filing any other claim with the Claims Officer."

Here, the plaintiff fails to allege compliance with the Government Claims Act, accordingly this suit is barred. The plaintiff has failed to allege sufficient facts upon which relief can be granted. F.R.C.P. 12(b)(6), *Cardenas v. Cnty. of Tehama*, 476 F. Supp. 3d 1055, 1070–71 (E.D. Cal. 2020).

## V. CONCLUSION

As the Court lacks jurisdiction over this litigation F.R.C.P. 12(b)(1), and the plaintiff has failed to state a claim under 42 U.S.C. § 1983, F.R.C.P. 12(b)(6), and under the Guam Government Claims Act it is respectfully requested that the court dismiss counts 1, 4, 5 and 6 of the plaintiff's complaint.

**WHEREFORE,** the Attorney General of Guam respectfully requests that the Motion to Dismiss be GRANTED.

**Respectfully submitted** this 24th day of August, 2026.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

**DAVID A. AUSTIN**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following:

RAZZANO WALSH & TORRES, P.C.
service@rwtguam.com
Joseph C. Razzano
Joshua D. Walsh
Pan American Building
139 Murray Blvd. Suite 100
Hagatna, Guam 96910
Office: (671) 473-1117
Fax: (671) 477-4826
jrazzano@rwtguam.com
jdwalsh@rwtguam.com

**Respectfully submitted** this 24th day of August, 2026.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

**DAVID A. AUSTIN**
Assistant Attorney General