**Douglas B. Moylan**
**Attorney General of Guam**
**Nicholas J. Ennis**
**Assistant Attorney General**
Office of the Attorney General
134 W. Soledad Avenue, Suite 400
Hagåtña, Guam 96910 USA
671-475-2710 (tel) | 671-477-2493 (fax)

**Attorneys for Proposed Intervenor Government of Guam**

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM VISITORS BUREAU, a Guam public corporation, and GEORGE CHIU, in his individual capacity as Chairman of the Board of Directors of the Guam Visitors Bureau,<br><br>Defendants. | Civil Case No.: 1:26-cv-00017<br><br>**GOVERNMENT OF GUAM'S MOTION TO INTERVENE AS DEFENDANT-INTERVENOR AND MEMORANDUM OF POINTS AND AUTHORITIES (FED. R. CIV. P. 24(a)(2), 24(b)(1)(B))** |

## NOTICE OF MOTION AND MOTION

Proposed Defendant-Intervenor Government of Guam (the "Government"), through the Office of the Attorney General, moves under Federal Rule of Civil Procedure 24(a)(2), or alternatively Rule 24(b)(1)(B), for leave to intervene as a defendant. The Complaint places the legal status of the Guam Visitors Bureau ("GVB"), the availability of sovereign defenses, and the reach of the Guam Government Claims Act directly at issue. Those questions implicate interests of the Government that GVB does not adequately represent on the present record.

The Government submits a proposed motion to dismiss that identifies the precise defenses it intends to assert and the relief it seeks. It requests leave to file that motion as its first responsive filing. If the Court concludes that Rule 24(c) requires a separate pleading under Rule 7(a), the Government alternatively requests seven days to supplement its intervention papers with such a pleading before the Court denies intervention on that curable ground. The Government seeks limited intervention without consenting to affirmative claims, counterclaims, or relief beyond the defenses and issues it places before the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

1. Plaintiff filed the Complaint on June 1, 2026, against GVB and George Chiu in his individual capacity. ECF No. 1. Count One alleges that GVB is a person under 42 U.S.C. § 1983 and expressly asks the Court to hold that GVB is separate from, and not an arm or instrumentality of, the Government. Compl. ¶¶ 4-9, 44-67. Counts Four through Six assert Guam negligence claims against GVB. Id. ¶¶ 119-134.
2. Guam law creates GVB as a public, nonstock, nonprofit corporation and authorizes it to sue and be sued. 12 GCA §§ 9102, 9105(c). The Legislature also provides that the Attorney General shall represent GVB in litigation concerning GVB’s affairs. 12 GCA § 9109(b). More generally, Guam law gives the Attorney General cognizance over legal matters involving executive-branch agencies and directs the Attorney General to conduct civil actions in which the Government is an interested party. 5 GCA §§ 30102, 30109(c), (f). Separately, the Government Claims Act expressly includes GVB among the autonomous agencies to which that Act applies. 5 GCA § 6102.

3. GVB filed a motion to dismiss on August 24, 2026. ECF No. 20. Later that day, Attorney General Douglas B. Moylan, acting in his official capacity and through the Office of the Attorney General, filed a Motion to Clarify Scope of Representation. ECF No. 21. That motion states that the Attorney General and GVB agree on the desired outcome but disagree about the scope of the Attorney General's representation, who directs GVB's litigation, and which dismissal motion should be presented. ECF No. 21 at 3–5. The Government was not yet a party when ECF No. 21 was filed. Through the present motion, however, the Government adopts the substantive positions stated in ECF No. 21 as its own official litigation positions. Attorney General Moylan does not seek intervention in his individual capacity, and neither he nor the Office of the Attorney General seeks intervention as a separate party. The Government modifies only the sequencing request in paragraph 9 of ECF No. 21: it does not request a ruling on ECF No. 21 before the Court resolves intervention, and its proposed motion to dismiss does not depend on prior resolution of ECF No. 21. If intervention is granted, the Government requests leave to join and adopt ECF No. 21, subject to that sequencing adjustment.

4. The docket reflects no completed discovery or entered scheduling order. A scheduling and planning conference report is due September 29, 2026, and the scheduling conference is set for October 13, 2026. ECF No. 6. The Government therefore moves at the outset of the case and before adjudication of the disputed status and immunity questions.

## II. LEGAL STANDARD

Intervention as of right is required when a timely applicant claims a significantly protectable interest relating to the transaction at issue, disposition may impair that interest, and the existing parties may not adequately represent it. Fed. R. Civ. P. 24(a)(2); *Callahan v.*

*Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1019-21 (9th Cir. 2022). Rule 24 is construed broadly in favor of intervention, with practical and equitable considerations guiding the inquiry. *Wilderness Society v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc).

Permissive intervention is available when a timely applicant has a defense sharing a common question of law or fact with the main action and intervention will not unduly delay or prejudice adjudication. Fed. R. Civ. P. 24(b)(1)(B), (b)(3). Rule 24(c)'s pleading requirement is applied flexibly when the motion gives fair notice of the proposed defenses. *Westchester Fire Insurance Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009). When a separate Rule 7(a) pleading is required, the appropriate course is to permit correction of the Rule 24(c) defect. *California Department of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1086 n.7 (9th Cir. 2022).

## III. ARGUMENT

### A. The Motion Is Timely and Will Not Prejudice the Existing Parties.

The Government moved before any scheduling conference, completed discovery, or ruling on GVB's motion to dismiss. No party must reopen discovery or alter a trial date. The Government will accept the schedule already set unless the Court orders otherwise. This early intervention will allow related threshold issues to be addressed once, rather than through later collateral litigation.

### B. The Government Has Significantly Protectable Interests at Stake.

Plaintiff does not merely seek relief from GVB. She asks this Court to determine that GVB is not an arm or instrumentality of the Government, that GVB is a person under § 1983, and that sovereign defenses do not apply. Compl. ¶¶ 4-9, 45. Those requested determinations concern the application of sovereign defenses to an entity created by Guam law and the proper interpretation of Guam’s statutory design for GVB. The Government also has a concrete interest in preserving

the limits of the Government Claims Act's waiver and in preventing a judgment against an autonomous agency from being treated as a judgment against the Government beyond what Guam law provides. *See* 5 GCA §§ 6102, 6105, 6208; 12 GCA §§ 9100-9109.

These interests are tied directly to the claims and defenses in this case, not to an abstract desire for correct legal precedent. Count One turns on the legal relationship between GVB and the Government. Counts Four through Six invoke a statutory waiver enacted by the Government. The proposed dismissal motion presents those defenses without asking the Court to adjudicate day-to-day litigation management or professional-responsibility questions.

**C. Disposition Without the Government May Impair Those Interests.**

A judgment resolving GVB's relationship to the Government, the availability of sovereign defenses, or the scope and forum of Guam's Claims Act waiver would have an immediate practical effect on the Government's interests. Even if not formally preclusive, a ruling concerning GVB's legal status and entitlement to sovereign defenses may, as a practical matter, impair the Government's ability to protect its asserted interests in this litigation. See *United States v. Oregon*, 839 F.2d 635, 638 (9th Cir. 1988) (recognizing that the potential stare decisis effect of a ruling may constitute practical impairment).

**D. GVB Does Not Adequately Represent the Government's Distinct Interests.**

Adequacy considers whether the existing party will make the applicant's arguments, is capable and willing to do so, and would offer any necessary element the applicant would neglect. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). GVB's interest in its own corporate autonomy is not identical to the Government's interest in sovereign status, the statutory limits of waiver, and the treatment of autonomous agencies under Guam law. The Complaint itself exploits that difference. Compl. ¶¶ 4-9.

The public docket confirms an actual divergence between GVB and the Attorney General, acting in his official capacity, over who has authority to determine the legal positions and defenses to be presented on GVB's behalf. Although GVB and the Government seek the same ultimate outcome—dismissal of Plaintiff's claims—that shared objective may give rise to a presumption of adequate representation. See *Arakaki*, 324 F.3d at 1086; *Freedom From Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841–42 (9th Cir. 2011). The record rebuts that presumption. ECF No. 21 documents an actual dispute concerning the scope of the Attorney General's statutory representation of GVB, who possesses authority to determine GVB's legal positions and litigation strategy, and which defenses and dismissal motion may be presented. ECF No. 21 at 3–5. The Government, acting through its statutorily authorized legal officer, adopts those positions for purposes of this motion. Although GVB's ECF No. 20 motion advances some overlapping positions, it is GVB's motion and does not present the Government's defenses in the Government's own name or ensure representation of the Government's distinct sovereign and statutory interests. Those interests may therefore go unrepresented absent intervention. The present record supplies the required compelling showing of inadequate representation.

**E. Permissive Intervention Is Independently Appropriate.**

The Government's proposed defenses share the central legal and factual questions already raised by the Complaint: GVB's status, the availability of § 1983 liability, the sufficiency of the *Monell* allegations, and the Claims Act's conditions and forum. Intervention adds no new claim and no unrelated factual dispute. The Court has an independent jurisdictional basis for permissive intervention because this is a federal-question action and the Government proposes to assert defenses rather than new claims for relief. See *Freedom From Religion Found.*, 644 F.3d at 843–

44. Because the case is at its outset, permissive intervention will not cause undue delay or prejudice. Fed. R. Civ. P. 24(b)(1)(B), (b)(3).

### F. The Proposed Motion Gives Fair Notice Under Rule 24(c), and Any Technical Defect Is Curable.

Rule 24(c) states that a motion to intervene must be accompanied by a pleading setting out the claim or defense for which intervention is sought, and a Rule 12 motion is not one of the pleadings listed in Rule 7(a). The Government does not submit a proposed answer. Its proposed motion to dismiss, however, identifies the exact counts challenged, the arm-of-government and *Monell* defenses to Count One, the Claims Act defenses to Counts Four through Six, and the precise relief requested. It therefore fully apprises Plaintiff and the existing defendants of the defenses the Government intends to assert and supplies the notice relevant to determining whether the absence of a Rule 7(a) pleading constitutes a curable technical defect. See *Westchester Fire*, 585 F.3d at 1188.

If the Court nevertheless concludes that strict compliance requires a separate Rule 7(a) pleading, the Government requests leave to file a supplemental proposed pleading within seven days before the Court rules adversely on intervention for that reason. That limited cure is consistent with Jim Dobbas and preserves the Government's right to present its Rule 12 defenses before an answer becomes due. *See* 54 F.4th at 1086 n.7; Fed. R. Civ. P. 12(a)(4), (b).

The Government recognizes that voluntary participation can waive immunity as to matters a sovereign submits for adjudication. *See Clark v. Barnard*, 108 U.S. 436, 447 (1883); *Lapides v. Board of Regents*, 535 U.S. 613, 619-20 (2002). It therefore requests intervention limited to the defenses and issues stated in its proposed filings. The Government does not consent to affirmative

claims, counterclaims, damages, or broader federal adjudication, and it reserves all immunity, jurisdictional, and remedial defenses. The proposed order makes those limits express.

## IV. CONCLUSION

The Government respectfully requests intervention as of right under Rule 24(a)(2), or alternatively permissive intervention under Rule 24(b)(1)(B); leave to file its proposed motion to dismiss as its first response; leave, upon intervention, for the Government to join and adopt ECF No. 21, subject to the sequencing adjustment stated above; alternatively, seven days to supplement with a Rule 7(a) pleading if the Court requires one; and the limitations and reservations stated in the proposed order.

Respectfully submitted this August 26, 2026.
**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

/s/ *Nicholas J. Ennis*
NICHOLAS J. ENNIS
Assistant Attorney General
Attorney for Proposed Intervenor Government of Guam

## **CERTIFICATE OF SERVICE**

I certify that on August 26, 2026, I caused the foregoing Government of Guam's Motion to Intervene to be filed electronically with the Clerk of Court through CM/ECF, which will transmit notice of filing to all counsel of record.

*/s/ Nicholas J. Ennis*

NICHOLAS J. ENNIS