**Douglas B. Moylan**
**Attorney General of Guam**
**Nicholas J. Ennis**
**Assistant Attorney General**
Office of the Attorney General
134 W. Soledad Avenue, Suite 400
Hagåtña, Guam 96910 USA
671-475-2710 (tel) | 671-477-2493 (fax)

**Attorneys for Proposed Intervenor Government of Guam**

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM VISITORS BUREAU, a Guam public corporation, and GEORGE CHIU, in his individual capacity as Chairman of the Board of Directors of the Guam Visitors Bureau,<br><br>Defendants,<br><br>GOVERNMENT OF GUAM,<br><br>Proposed Defendant-Intervenor. | Civil Case No.: 1:26-cv-00017<br><br>**GOVERNMENT OF GUAM'S PROPOSED MOTION TO DISMISS COUNTS ONE AND FOUR THROUGH SIX AND MEMORANDUM OF POINTS AND AUTHORITIES (FED. R. CIV. P. 12(b)(1), 12(b)(6))** |

## <u>NOTICE OF MOTION AND MOTION</u>

If intervention is granted, Defendant-Intervenor Government of Guam (the "Government") moves under Rules 12(b)(1) and 12(b)(6) to dismiss Count One and Counts Four through Six of the Complaint. Count One fails because Guam law treats GVB as a governmental autonomous agency for the interests relevant here and, in any event, the Complaint does not plausibly allege Monell liability. Counts Four through Six fall within the Government Claims

Act, whose limited waiver permits suit only in the Superior Court of Guam and only after statutory presentment conditions are satisfied.

This motion does not seek dismissal of Counts Two or Three against George Chiu in his individual capacity. Attorney General Douglas B. Moylan, acting in his official capacity and through the Office of the Attorney General, previously filed the Motion to Clarify Scope of Representation at ECF No. 21. Through the present motion, the Government adopts the substantive positions stated in ECF No. 21 as its own official litigation positions. ECF No. 21 presents a separate question concerning the statutory allocation of authority over GVB litigation. The Government modifies only the sequencing request stated there: this motion does not require the Court to resolve ECF No. 21 first. The Government reserves all sovereign-immunity, jurisdictional, and remedial defenses and does not consent to any affirmative claim or relief.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I. RELEVANT ALLEGATIONS

The Complaint alleges that GVB is an autonomous public corporation but is not an arm or instrumentality of the Government. Compl. ¶¶ 4-9. Count One asserts a § 1983 Monell claim based on alleged custom, Board ratification, and failure to train or maintain reporting systems. *Id.* ¶¶ 44-67. Counts Four through Six assert negligent supervision, training, and hiring or retention. *Id.* ¶¶ 119-134. Each negligence count alleges that Plaintiff filed a Government Claims Act notice and "will submit any response to the Court once it is received," but the Complaint alleges no filing date, rejection, or passage of six months. *Id*. ¶¶ 122, 127, 133.

### II. STANDARDS

A facial Rule 12(b)(1) challenge accepts well-pleaded factual allegations but not unsupported legal conclusions. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.

2004). Rule 12(b)(6) requires sufficient factual matter to state a plausible claim; labels and conclusions do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Court may consider the Complaint, matters incorporated into it, Guam statutes, and the docket without converting the motion. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

## III. COUNT ONE SHOULD BE DISMISSED.

### A. The Current Arm-of-Government Framework Requires an Entity-Wide Statutory Inquiry.

An entity that is an arm of a State or territorial government is not a "person" under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 70-71 (1989); *Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990) (Government of Guam). The Ninth Circuit's controlling, published decision of August 13, 2026, applies three factors, in descending weight: (1) whether the government intended a legally independent entity, shown by form and treatment under local law; (2) whether the government is formally liable for the entity's debts and judgments; and (3) the degree of governmental control. *Nilsen v. University of Washington*, No. 24-7460, slip op. at 9-12 (9th Cir. Aug. 13, 2026) (applying *Galette v. New Jersey Transit Corp.*, 607 U.S. 509 (2026)). The first factor carries the most weight; control carries the least. Id. at 11-12.

Corporate form and traditional corporate powers presumptively indicate separateness, and formal legal liability for judgments matters more than practical funding. *Galette*, 607 U.S. at 524-26. But form is not the end of the inquiry. Courts must examine how local law treats the entity as a whole. *Id*. at 523-27; *Nilsen*, slip op. at 9-12.

**B. Guam's Current Statutory Treatment Must Be Considered Under the Governing Framework.**

The Government acknowledges the features Plaintiff emphasizes: GVB is organized as a public corporation, may sue and be sued, and is alleged on information and belief to pay judgments from its own funds. Compl. ¶¶ 4, 8; 12 GCA §§ 9102, 9105(c). Those features weigh toward legal separateness under *Galette* and *Nilsen*. The Court must nevertheless consider Guam's contrary and more specific statutory treatment.

First, the Legislature enacted 12 GCA § 9100 specifically to reject an earlier characterization of GVB as private and to clarify its legal status, duties, powers, and employee status. Second, Public Law 27-142 later amended 5 GCA § 6102 to identify GVB by name as an autonomous agency covered by the Government Claims Act; that Act defines the Government, for its purposes, to include public corporations. 5 GCA §§ 6102, 6103(a). Third, Guam law requires the Attorney General to represent GVB in litigation and subjects GVB to a detailed statutory framework for its Board, powers, fiscal administration, and public reporting. 12 GCA §§ 9106-9114.

Plaintiff relies on *Bordallo v. Reyes*, 610 F. Supp. 1128 (D. Guam 1984), aff'd, 763 F.2d 1098 (9th Cir. 1985), and *WSTCO Quality Feed & Supply, LLC v. Ada*, No. 17-CV-00127, 2018 WL 3244403, at *8 (D. Guam July 3, 2018). Compl. ¶¶ 4, 6. *Bordallo* predates Public Law 27-142's express inclusion of GVB in 5 GCA § 6102. *WSTCO*, although decided after that enactment, concerned GEDA rather than GVB and applied the Ninth Circuit's former five-factor test. Neither decision applied the framework subsequently announced in *Galette* and refined in *Nilsen*. The Court should therefore evaluate GVB under the current framework while considering the persuasive effect of those authorities.

The formal-liability factor weighs toward legal separateness. Guam law provides that each autonomous agency is liable for its own torts and must pay claims and judgments from its own operating funds or applicable insurance proceeds. 5 GCA §§ 6301(c), 6403. The Government nevertheless preserves its position that GVB's treatment under Guam law—including its express designation as a governmental autonomous agency, mandatory representation by the Attorney General, and statutory oversight structure—must be considered under the first and third factors. The Government recognizes, however, that GVB's corporate form, traditional corporate powers, and responsibility for its own judgments weigh in favor of legal independence under *Galette* and *Nilsen*.

**C. An Arm of the Government Is Not a § 1983 Person, Including for Institutional Injunctive Relief.**

If GVB is an arm of the Government under the current test, Count One fails because neither the Government of Guam nor its arms are persons under § 1983. *Ngiraingas*, 495 U.S. at 192. The request for institutional injunctive relief does not change that result; the prospective-relief exception concerns suits against officials in their official capacities, not suits against the institution itself. *Nilsen*, slip op. at 7 n.3. Count One should be dismissed with prejudice on that ground.

**D. Alternatively, the Complaint Does Not Plausibly Allege Monell Liability.**

Municipal liability cannot rest on respondeat superior. A plaintiff must plausibly allege that an official policy, longstanding custom, final-policymaker decision, or deliberately indifferent failure to train was the moving force behind the constitutional injury. *Monell v. Department of Social Services*, 436 U.S. 658, 690-94 (1978). The allegations here do not cross that line.

***Custom***. Paragraphs 50-52 label the alleged practice widespread and longstanding, but identify no comparable incident involving another employee, no prior complaint known to the Board before the conduct alleged here, and no settled course of Board conduct. The Complaint therefore alleges no facts showing a practice sufficiently persistent, widespread, and well settled to constitute an entity custom. See *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

***Ratification***. The Complaint alleges that the Board reviewed an investigative report after the challenged conduct and failed to discipline or communicate promptly. Compl. ¶¶ 53-57. Ratification requires a final policymaker's approval of the subordinate's decision and the basis for it. The pleaded post-event inaction, without facts showing such approval, is insufficient. *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999); *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). Nor could the alleged later inaction have been the moving force behind the earlier alleged assaults.

***Training***. Paragraphs 58-63 allege no pattern of similar constitutional violations that placed GVB on notice that its training was deficient. Deliberate indifference ordinarily requires such a pattern, and the obvious wrongfulness of sexual assault does not itself create an obvious need to train employees not to commit it. *Connick v. Thompson*, 563 U.S. 51, 61-64 (2011); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1160 (9th Cir. 2014). The alternative Monell theories should be dismissed with leave to amend.

## IV. COUNTS FOUR THROUGH SIX MUST BE BROUGHT, IF AT ALL, UNDER THE CLAIMS ACT IN THE SUPERIOR COURT.

The Government Claims Act applies to GVB by name regardless of whether GVB ultimately qualifies as an arm of the Government for § 1983 purposes. 5 GCA § 6102. The Act's limited waiver of immunity for covered negligence claims is subject to its statutory conditions

and forum limitation. 5 GCA §§ 6105, 6208. Section 6208 permits an action against an autonomous agency in the Superior Court of Guam after the claim is rejected or, for a claim of this kind, six months have elapsed since filing.

The Complaint alleges that a notice was filed and that Plaintiff will submit the response when received. Compl. ¶¶ 122, 127, 133. It does not allege the filing date, rejection, or passage of six months. The Government therefore does not assert an unsupported notice date or deny that a notice was submitted; it argues only that the pleaded facts do not establish the statutory condition for suit.

More fundamentally, § 6208 limits the waiver to an action in the Superior Court of Guam. This Court has applied that language and dismissed Guam tort claims for lack of subject-matter jurisdiction because Claims Act actions must be brought in territorial court, not this Court. *Lau v. Guam Department of Education*, No. 1:10-cv-00035, ECF No. 74, at 10-11 (D. Guam Mar. 21, 2013). Counts Four through Six should be dismissed without prejudice to any action Plaintiff may timely pursue in the forum and manner Guam law permits.

**V. CONCLUSION**

The Court should dismiss Count One with prejudice if it concludes GVB is an arm of the Government; alternatively, it should dismiss Count One's Monell theories with leave to amend. The Court should dismiss Counts Four through Six without prejudice for lack of subject-matter jurisdiction. This motion seeks no relief concerning Counts Two or Three against Mr. Chiu individually.

Respectfully submitted this August 26, 2026.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

*/s/ Nicholas J. Ennis*
NICHOLAS J. ENNIS
Assistant Attorney General
Attorney for Proposed Intervenor Government of Guam