**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Civil Division
134 W. Soledad Avenue, Suite 302
*Hagåtña*, Guam 96910 • USA
671-475-2710 (tel) • 671-477-2493 (fax)
www.guamattorneygeneral.org

**Attorneys for the Government of Guam (People of Guam)**

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM VISITORS BUREAU, a Guam public corporation, and GEORGE CHIU, in his individual capacity as Chairman of the Board of Directors of the Guam Visitors Bureau,<br><br>Defendants. | Civil Case No.: 26-00017<br><br>**NOTICE OF POTENTIAL JUDICIAL CONFLICT**<br><br>**(28 U.S.C. § 455)** |

**COMES NOW** DOUGLAS B. MOYLAN, Attorney General of Guam, (hereinafter "**Attorney General**"), pursuant to Canon 3C3(a) of the *Code of Conduct for United States Judges* and as contemplated by Canon 3C(1)(d)(iii) and 28 U.S.C. §§ 455(a)[1] and 455(b)(5)(iii)[2], and says as follows:

---

[1] 28 U.S.C. § 455(a) requires that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

[2] 28 U.S.C. § 455(b)(5)(iii) requires that any judge "**shall** also disqualify himself in the following circumstances: … (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: … (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." (Emphasis added).

1. On August 24, 2026, the Attorney General filed his Motion to Clarify Scope of Representation and Memorandum of Law. [ECF 21]. Pursuant to CVLR 7(f), oppositions to this motion are due September 14, 2026.

2. The Presiding Judge in this matter is Chief Judge Frances Tydingco-Gatewood, District Court of Guam. The Chief Judge's brother, Phillip Tydingco, is running against the Attorney General in the General Election scheduled for November 3, 2026 and therefore has a vested interest in this action which may be substantially affected by the outcome of this proceeding as defined by Canon 3C3(a) of the *Code of Conduct for United States Judges* and as contemplated by Canon 3C(1)(d)(iii) and 28 U.S.C. §§ 455(a) and 455(b)(5)(iii). Mr. Tydingco is a clearly a person within the third degree of relationship to Chief Judge Tydingco-Gatewood.

3. On September 3, 2026, the Chief Judge entered an Order referring this matter in its entirety to U.S. Magistrate Judge Heather L. Kennedy. [ECF 28].

4. The Attorney General respectfully submits this timely Notice to allow the Court the opportunity to consider, out of an abundance of caution, whether the Chief Judge should recuse herself and allow another judge, unrelated to her brother, to continue with this matter, to avoid any appearance of impropriety.

5. The Chief Judge has voluntarily recused herself in many cases in which the Attorney General has entered an appearance. No party has consented to Judge Kennedy and so therefore pursuant to 28 U.S.C. § 636 the Chief Judge would have to pass on any forthcoming report and recommendation issued by Judge Kennedy. Accordingly, the Court's rulings may may appear to signal a preference in the outcome of the election for the Attorney General to be held this November.

6. Any ruling by the Chief Judge regarding the merits of any litigation involving the Attorney General's Office, whether the Attorney General is a party, or whether the Attorney General's Office represents other parties, would create the appearance of impropriety in which the judge's "impartiality might reasonably be questioned," because lawyers, especially political candidates, are judged by voters on the basis of whether they win or lose a given case. Therefore, Candidate Mr. Tydingco has an electoral interest in the Chief Judge's rulings in this matter.

7. Title 28 U.S.C. § 455 is a self-executing statute that places an independent duty on the Court to evaluate potential disqualification without the need for a formal motion from a party. *See In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 70, 74-75 (S.D.N.Y. 2001).

8. Judges who have found themselves in similar situations have chosen to voluntarily recuse themselves in the context of perceived electoral favoritism. *See United States v. Bobo*, 323 F.Supp.2d 1238 (N.D. Ala. 2004). While there may be no issue in fact, the appearance can become reality. In *Bobo*, the sitting Judge was a <u>6th degree relative</u> (second cousin) of the sitting Governor, who was not a party to the action. *Id*. at 1241. The Court was aware that the final result of *Bobo* could indirectly affect the election for the office of the Governor, scheduled almost two years into the future. *Id*. at 1240 & n.1. In *Bobo*, the Judge opined that "Even the appearance of impropriety is a matter of persuasive remedial action" and, out of a respect for the public trust, he recused himself from the matter. *Id*. at 1242-43.

9. Any ruling on the merits would create an appearance of impropriety where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983); *see also Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991) (reversing refusal of judge

to recuse himself where "section 455(b) provides us with a concrete example where the appearance of partiality suffices to establish a ground for recusal under section 455(a) even absent actual bias"); *Mangini v. United States*, 314 F.3d 1158, 1161 (9th Cir. 2003), *opinion amended on denial of reh'g*, 319 F.3d 1079 (9th Cir. 2003); *id.* (stating that Section 455(b) "requires disqualification under Section 455(a), even absent any evidence of actual bias").

THEREFORE, the Attorney General respectfully suggests that there is an appearance of impropriety as contemplated by 28 U.S.C. § 455 such that the Chief Judge should assign this case to another judge, and recuse herself from this action and all cases where the Attorney General is a party, or where the Attorney General's Office represents a party before this Court.

**Respectfully submitted** this 4th day of September, 2026.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

/s/ *Eric S. Wojcik*
**ERIC S. WOJCIK**
Assistant Attorney General

# CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following:

RAZZANO WALSH & TORRES, P.C.
service@rwtguam.com
Joseph C. Razzano
Joshua D. Walsh
Pan American Building
139 Murray Blvd. Suite 100
Hagåtña, Guam 96910
Office: (671) 473-1117
Fax: (671) 477-4826
jrazzano@rwtguam.com
jdwalsh@rwtguam.com

LOUIE J. YANZA, P.C.
Louie J. Yanza
Mvp Building
862 South Marine Corps Dr. Suite 203
Tamuning, Guam 96913
Office: (671) 477-7059
Fax: (671) 472-5487
lyanza@jurisguam.com

OFFICE OF THE ATTORNEY GENERAL
solicitors@oagguam.org
David Allen Austin
Citadel Building
134 W. Soledad Ave. Suite 302
Office: (671) 475-2709
Faxe: (671) 472-2493
daustin@oagguam.org

**Respectfully submitted** this 4th day of September, 2026.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

/s/ *Eric S. Wojcik*
**ERIC S. WOJCIK**
Assistant Attorney General