Louie J. Yanza
Law Office of Louie J. Yanza
A Professional Corporation
MVP Building
862 South Marine Corps Drive, Suite 203
Tamuning, Guam 96913
Telephone: (671) 477-7059
Facsimile: (671) 472-5487
admin@jurisguam.com

Attorneys for Defendant
George Chiu

**IN THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM VISITORS BUREAU, *a Guam public Corporation,* and GEORGE CHIU, *in his Individual capacity as Chairman of the Board of Directors of the Guam Visitors Bureau,*<br><br>Defendants. | CIVIL CASE NO.: 1:26-cv-00017<br><br>OPPOSITION TO NON-PARTY'S NOTICE OF POTENTIONAL JUDICIAL CONFLICT |

Defendant GEORGE CHIU, through the Law Office of Louie J. Yanza, by Louie J. Yanza opposes the Notice of Potential Judicial Conflict [ECF 29] filed on September 4, 2026 by non-party "Government of Guam (People of Guam)".A non-party which lacks standing currently, and likely always will lack standing, should not be permitted to weigh in as to the judicial officer who will preside over this matter or otherwise interfere with the case.

This case involves a complaint filed by Plaintiff JANE DOE against Defendants GUAM VISITORS BUREAU and GEORGE CHIU. On August 26, 2026, the Office of the Attorney General filed a Motion to Intervene [ECF 22] on behalf of proposed intervenor "Government of Guam (People of Guam)". The motion is pending ; therefore, the "Government of Guam (People of Guam)" is not a party to this action. *See Robert Ito Farm, Inc.v . Co., of Maui*, 842 F.3d 681, 687 (9th Cir. 2016) ("a prospective intervenor does not become a party to the suit unless and until he is allowed to intervene"); *Moses v. City of Perry*, 90 F.4th 501, 505 (6th Cir. 2024) ("So a nonparty does not become a party until the district court grants the motion to intervene.") (cleaned up). Consequently, the Government of Guam lacks standing to participate in this case unless and until the Court grants its motion to intervene. *See Richman v. First Woman's Bank*, 104. F.3d 654, 658 (4th Cir. 1997) (party in interest must formally intervene before participating in an adversary proceeding).

Moreover, it is unlikely "Government of Guam (People of Guam)" will ever be a proper party in this matter. It is well established that § 1983 does not apply to the Government of Guam. *Ngiraingas v. Sanchez,* 495 U.S. 182, 192 (1990). In addition, as to claims arising under local Guam law, any claims at issue must satisfy the filing timeline requirement of the Government Claims Act; this is a jurisdictional requirement. *Guam Police Dep't,* 2011 Guam 8 ¶ 31; *Perez v. Guam Housing & Urban Renewal Auth. (GHURA),* 2000 Guam 33 ¶ 14; 5 GCA § 6106(a). Statutes of limitation are jurisdictional in nature and

may not be waived. *Pacific Rock Corp. v. Dep't of Ed.*, 2001 Guam 21 ¶ 18 (cleaned up). The Court has no jurisdiction over untimely claims such as those at issue here. *Guam Police Dep't,* 2011 Guam 8 ¶ 32. It would appear the "Government of Guam (People of Guam)" will be dismissed even if permitted to intervene. In the circumstances, "Government of Guam (People of Guam)" should not be permitted to interfere with the case or otherwise distract from the suit. For the foregoing reasons, defendant GEORGE CHIU Opposes any filings of non-party "Government of Guam (People of Guam)" in this matter.

Dated this 8th day of September, 2026.

Law Office of Louie J. Yanza, P.C.
Attorney for Defendant
GEORGE CHIU

By: ______________________
Louie J. Yanza