**IN THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>GUAM VISITORS BUREAU, a Guam public corporation, and GEORGE CHIU, in his individual capacity as Chairman of the Board of Directors of the Guam Visitors Bureau,<br><br>Defendants. | Case No. 1:26-cv-00017<br><br>**ORDER GRANTING IN PART MOTION TO SEAL PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE** |

Before the Court is Plaintiff Jane Doe's Motion to Seal Plaintiff's Motion for Order to Show Cause Why Defendant George Chiu Should Not be Held in Civil Contempt, submitted on September 9, 2026, alongside Plaintiff Jane Doe's Motion for Order to Show Cause Why Defendant George Chiu Should Not be Held in Civil Contempt. In Plaintiff's Motion to Seal, Plaintiff requests leave to file her Motion for Order to Show Cause under seal and to also seal all documents and proceedings related to the Motion for Order to Show Cause—including any briefing and hearing on the Motion for Order to Show Cause. In support of her request, Plaintiff contends that good cause exists to seal the filings to avoid repeating and exacerbating the harm caused by Defendant George Chiu's alleged violation of the Court's previous order (ECF No. 7), concerning public disclosure of Plaintiff's identity, that is the subject of Plaintiff's Motion for Order to Show Cause.

## I. LEGAL STANDARD[1]

A movant seeking to file documents under seal must overcome the strong, general presumption in favor of public access to judicial records and documents. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006). The exact showing required to overcome the presumption of public access depends on whether the materials to be sealed are "more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101; *see also Kamakana*, 447 F.3d at 1179 ("The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials."). The movant generally must identify "compelling reasons" to justify sealing unless the materials at issue do not meet the tangential-relevance threshold, in which case the movant need only show that "good cause" exists to permit the materials to be filed under seal. *Ctr. for Auto Safety*, 809 F.3d at 1097; *Kamakana*, 447 F.3d at 1180.

Here, the materials Plaintiff seeks to file under seal are not "more than tangentially related to the merits of a case." Plaintiff seeks to seal a motion and related materials concerning a party's alleged noncompliance with a procedural order—*i.e.*, the materials are not "directly related to the merits of the case," do not involve the "presentation of substantial evidence," or otherwise raise

---

[1] Plaintiff's Motion to Seal only sets forth the legal standard for filing documents under seal; Plaintiff, however, also seeks to seal "any hearing conducted" on Plaintiff's Motion for Order to Show Cause. It is unclear whether Plaintiff also seeks to *close* any hearings related to her Motion for Order to Show Cause from public access, as opposed to merely seeking to *seal* any record and transcript of any such hearing.

In view of Plaintiff's Motion to Seal only addressing the sealing of *documents* and the different legal considerations as to closing hearings, *see Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940, 947 (9th Cir. 1998) ("In assessing the historic access afforded the public, we must be careful not to conflate the questions of the right to attend a closed proceeding, and obtaining a post-trial transcript of the hearing."); *Hagestad v. Tragesser*, 49 F.3d 1430, 1343 n.6 (9th Cir. 1995) (observing that in context of civil proceedings, neither the Supreme Court nor the Ninth Circuit have addressed whether the First Amendment also confers a right of access separate from the recognized common-law right of access), the Court treats Plaintiff's Motion to Seal as only seeking to seal *documents* and does not address the closure of *hearings*.

the specter of terminating the underlying case in whole or in part. *Ctr. for Auto Safety*, 809 F.3d at 1098-1100. As such, the "good cause" standard applies. *Id.* at 1097; *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions."); Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."); *see also Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000) (listing issuance of protective orders under Fed. R. Civ. P. 26(c) among means to preserve party anonymity where party has demonstrated need for anonymity). Plaintiff bears the burden of identifying "specific prejudice or harm" should the materials not be sealed, *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992), including "a particularized showing of good cause with respect to any individual document[,]" *San Jose Mercury News, Inc. v. U.S. Dist. Ct.-N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *see also In re Coordinated Pretrial Proc. in Petroleum Products Antitrust Litig.*, 101 F.R.D. 34, 40 n.7 (C.D. Cal. 1984) ("The good cause requirement is met by a showing that disclosure will work a clearly defined, specific and serious injury."). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," are inadequate. *Beckman*, 966 F.2d at 476 (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

## II. DISCUSSION

Here, the materials Plaintiff seeks to seal are Plaintiff's Motion for Order to Show Cause and all related documents, including any briefing thereon. Plaintiff's two Motions assert that (1) Defendant Chiu's recent filings include sufficient identifying information—including Plaintiff's actual name—to nullify Plaintiff's anonymity; and (2) the Court's order authorizing Plaintiff to proceed anonymously restricted any disclosure of Plaintiff's identity to be made under

seal. As such, Plaintiff seeks to hold Defendant Chiu in civil contempt for violating the Court's order. Plaintiff's filings necessarily address Defendant Chiu's filings that allegedly violated the Court's order, including exact citations to the portions of the latter's filings that contain the identifying information. Furthermore, any briefing in response to Plaintiff's Motion for Order to Show Cause or any resulting order to show cause will almost certainly address the identifying information and the scope of the Court's order authorizing Plaintiff to proceed anonymously. The Court recognizes that the substantive claims in this case rest on allegations of a "prolonged course of severe and pervasive sexual harassment, sexual assault, [and] retaliation" (Compl. 1, ECF No. 1), implicating matters of a "sensitive and highly personal nature" and posing a "risk of retaliatory physical or mental harm," *Advanced Textile Corp.*, 214 F.3d at 1068 (first quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), then citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)), should Plaintiff's identity be disclosed—especially because of the substantial media attention on the case and the public nature and profile of Defendants. (*See also* Compl ¶¶ 18-21, 40, 66 (alleging psychological injuries, shame, and fear of retaliation).)

The Court finds that good cause exists to seal Plaintiff's Motion for Order to Show Cause and related filings. Plaintiff has identified specific prejudice or harm that would result should documents and briefing concerning her identifying information allegedly in Defendant Chiu's filings be made public. *Beckman*, 966 F.2d at 476; *Ctr. for Auto Safety*, 809 F.3d at 1097; *Kamakana*, 447 F.3d at 1180. Furthermore, considering the contentions in Plaintiff's Motion for Order to Show Cause, the Court will also order that Defendant Chiu's filings that are the subject of Plaintiff's Motion for Order to Show Cause be SEALED pending a hearing or final disposition of Plaintiff's Motion for Order to Show Cause, whichever is earlier. *Phoenix Newspapers*, 156 F.3d at 949 ("To be sure, a court has the right to temporarily seal access to court records pending

a hearing."). The Court denies as premature Plaintiff's request for attorneys' fees and costs as related to Plaintiff's Motion to Seal. Any request for attorneys' fees and costs related to Defendant Chiu's alleged violation of the Court's order is appropriately addressed once proceedings related to determining whether Defendant Chiu indeed violated the Court's order are complete or as part of any contempt proceedings.

## III. CONCLUSION

For the reasons set forth above, the Court orders:

(1) Plaintiff's Motion to Seal Plaintiff's Motion for Order to Show Cause Why Defendant George Chiu Should Not be Held in Civil Contempt, submitted on September 9, 2026, is GRANTED IN PART.

(2) The Clerk is directed to docket Plaintiff's Motion to Seal and this Order on the public docket.

(3) The Clerk is directed to docket Plaintiff's Motion for Order to Show Cause Why Defendant George Chiu Should Not be Held in Civil Contempt, submitted September 9, 2026, UNDER SEAL.

(4) The Clerk is directed to docket all briefing and attachments on Plaintiff's Motion for Order to Show Cause Why Defendant George Chiu Should Not be Held in Civil Contempt, including any opposition by Defendant George Chiu, UNDER SEAL.

(5) The Clerk is directed to SEAL Defendant George Chiu's Request to Take Judicial Notice (ECF No. 23) and Defendant George Chiu's Motion to Dismiss the Complaint (ECF No. 24), pending further order of the Court.

(6) Defendant George Chiu is directed to file UNDER SEAL any response to Plaintiff's Motion for Order to Show Cause Why Defendant George Chiu Should Not be Held in Civil

Contempt by **September 25, 2026**. Plaintiff will file UNDER SEAL any reply thereto by **October 2, 2026**. In addition to addressing the arguments set forth in the Motion, Parties should also address (1) the impact, if any, of the time during which Defendant Chiu's filings containing Plaintiff's identifying information have been publicly available on whether such filings should remain under seal; and (2) whether the Parties should be required to file redacted versions of any filings containing Plaintiff's identifying information. *See Phoenix Newspapers*, 156 F.3d at 949 ("Indeed, if a document becomes part of the public record, the public has access to it, and the press may report its contents."); *Liles v. Cnty. of Sacramento*, No. 2:24-cv-00416-KJM-CKD, 2024 WL 1971882, at *3 (E.D. Cal. May 3, 2024) (considering whether "the prejudicial information has already been accessed by the public").

(7) Plaintiff's request for attorneys' fees and costs is DENIED WITHOUT PREJUDICE.

Date: September 11, 2026

HEATHER L. KENNEDY
Magistrate Judge