Joseph B. McDonald
McDonald Law Office LLC
Ada Plaza Center, Building A
173 Aspinall Avenue, Suite 207A
*Hagåtña*, Guam 96910
Tel: (671) 588-8866
www.guam@mcdonald.law

Attorneys for Defendant Guam Visitors Bureau

IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM VISITORS BUREAU, a Guam public corporation, and GEORGE CHIU, in his individual capacity as Chairman of the Bord of Directors of the Board of the Guam Visitors Bureau,<br><br>Defendants. | No. 1:26-cv-00017<br><br>DEFENDANT GUAM VISITORS BUREAU'S OMNIBUS MOTION TO DISQUALIFY COUNSEL; FOR WITHDRAW OF MOTION FILED WITHOUT CLIENT AUTHORIZATION AND CONSENT; FOR LEAVE TO FILE CLIENT-AUTHORIZED MOTION TO DISMISS |

**DEFENDANT GUAM VISITORS BUREAU'S OMNIBUS MOTION**

Please take notice that the Guam Visitors Bureau ("GVB"; also the "Bureau") moves the Court for disqualification of counsel because its attorney of record Assistant Attorney General ("AAG") David A. Austin's conduct violates the Guam Rules of Professional Conduct. Withdrawal of AAG Austin's motion, ECF 20, and leave for GVB to file its own authorized Motion to Dismiss are appropriate because AAG Austin asserted interests of nonparties and refuses to withdraw his response to the Complaint, which was not authorized. As Guam Attorney General ("AG") Douglas Moylan refuses to designate attorneys to represent GVB's interests, if the Court orders disqualification, the undersigned GVB Legal Counsel, Joseph B. McDonald, together with other counsel approved by GVB, shall provide representation.

TABLE OF CONTENTS

INTRODUCTION ..... 5
RELEVANT PROCEDURAL BACKGROUND ..... 5
FACTUAL BACKGROUND ..... 6
I. LAW ..... 12
A. Standard for disqualification ..... 12
B. Guam Rules of Professional Conduct ..... 13
i. The Rules apply to Government of Guam attorneys ..... 13
ii. GRPC 1.7: Conflict of interest: current clients ..... 14
iii. GRPC 1.2: Scope of representation and allocation of authority ..... 15
iv. GRPC 1.13: Organization as client ..... 15
v. GRPC 1.16: Declining or terminating representation ..... 15
vi. GRPC 5.1: Responsibilities of supervisory lawyers ..... 16
II. DISCUSSION ..... 16
A. AAG Austin has a non-curable concurrent conflict of interest which appears on the face of the OAG's own writings and filings. ..... 16
B. The Motion to Clarify Scope of Representation shows divided loyalty and prejudice to GVB's interests. ..... 17
C. GVB expressly and repeatedly refused consent; Rule 1.7(b) conditions cannot be met. 18
D. AAG Austin's August 24 filing breached his duty of loyalty in the greatest sense and compels disqualification. ..... 19
E. No attorney has communicated with GVB since September 2, 2026. ..... 21
F. Potential incompliance with GRPC 1.16 and GNLR 19.1. ..... 21
G. Disqualification in accordance with Matthews is appropriate. ..... 21
H. ECF 20 should be withdrawn, and GVB granted leave to file its authorized Motion to Dismiss. ..... 22
CONCLUSION ..... 23

## TABLE OF AUTHORITIES

### CASES


Barrett-Anderson v. Camacho, 2018 Guam 20 .................................................................. 13
Bordallo v. Reyes, 763 F.2d 1098 (9th Cir. 1985) .......................................................... 6, 17
Boykin v. Webb, 541 F.3d 638 (6th Cir. 2008) ................................................................. 20
Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343 (1985) .......................... 15
Guam Econ. Dev. Auth. v. Island Equip. Co., 1998 Guam 7 .......................................... 7, 17
Guam Radio Servs., Inc. v. Guam Econ. Dev. Auth., 2000 Guam 23 ............................. 7, 17
Gutierrez v. Dir., Dep't of Revenue & Taxation, Civ. Case No. 16-00082, 2018 WL 9439697 (D. Guam Apr. 19, 2018) ................................................................................. 14
Image Tech. Servs., Inc. v. Eastman Kodak Co., 136 F.3d 1354 (9th Cir. 1998) ........... 14, 18
In re Request of Leon Guerrero, 2024 Guam 18 ..................................................... 13, 15, 16
Jesse by Reinecke v. Danforth, 485 N.W.2d 63 (Wis. 1992) .............................................. 15
Laguana v. Guam Visitors Bureau, 725 F.2d 519 (9th Cir. 1984) ................................ 6, 7, 17
Matthews v. United States, Civ. Case No. 07-00030, 2010 WL 503038 (D. Guam Feb. 9, 2010) ........................................................................................................ 13, 21, 22
McFarland v. Yukins, 356 F.3d 688 (6th Cir. 2004) .......................................................... 20
Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd., 760 F.2d 1045 (9th Cir. 1985) .. 13, 21
People v. Crisostomo, 2026 Guam 4 ................................................................................ 13, 20
People v. Santos, 2018 Guam 12 ......................................................................................... 13
People v. Wia, 2020 Guam 17 ............................................................................................ 13
Santos v. Camacho, Civ. Case No. 04-00006, 2006 WL 581251 (D. Guam Mar. 10, 2006) 13, 20, 21
Shurance v. Planning Control Int'l, Inc., 839 F.2d 1347 (9th Cir. 1988) ........................ 13, 21
Smiley v. Dir., Office of Workers' Comp. Programs, 984 F.2d 278 (9th Cir. 1993) ...... 14, 17
Unified Sewerage Agency of Wash. Cnty. v. Jelco Inc., 646 F.2d 1339 (9th Cir. 1981) 14, 18
United States v. Gov't of Guam, Civ. Case No. 02-00022, 2013 WL 4309814 (D. Guam Aug. 13, 2013) ................................................................................................ 14, 15
United States v. Wencke, 604 F.2d 607 (9th Cir. 1979) ..................................................... 13


### STATUTES


42 U.S.C. § 1983 ........................................................................................................ 5, 19
48 U.S.C. § 1421g ....................................................................................................... 7, 16
12 Guam Code Ann. § 9100 et seq. (Guam Visitors Bureau Act) ........................................ 6
12 Guam Code Ann. § 9102 .................................................................................................. 6
12 Guam Code Ann. § 9108 (b), (c)(9) .............................................................................. 7, 20
12 Guam Code Ann. § 9109 (b) ......................................................................................... 7, 16
18 Guam Code Ann. § 1101 et seq. ....................................................................................... 6


### RULES


Guam R. Prof'l Conduct 1.2 ........................................................................ 15, 20, 21, 22

Guam R. Prof'l Conduct 1.4 .......... 21
Guam R. Prof'l Conduct 1.7 .......... 14, 17, 18, 19, 21
Guam R. Prof'l Conduct 1.13 .......... 15
Guam R. Prof'l Conduct 1.16 .......... 15, 16, 21
Guam R. Prof'l Conduct 5.1 .......... 16
Fed. R. Civ. P. 10 (a) .......... 19
Fed. R. Civ. P. 26 (f) .......... 12, 21, 22
Fed. R. Civ. P. 41 (b) .......... 19
Fed. R. Civ. P. 55 (a) .......... 11
GNLR 19.1 .......... 21
GNLR 22.3 (b) .......... 13

OTHER AUTHORITIES

GVB Board of Directors Meeting (Aug. 27, 2026), https://govguam.tv/video_details/gvb/gvb-board-of-directors-meeting-august-27-2026 .......... 12

## INTRODUCTION

GVB seeks relief to control its own defense through attorneys who will represent its interests. Attorney General ("AG") Douglas Moylan assigned AAG Austin, an attorney at the OAG to GVB's representation, but AAG Austin and other attorneys at the OAG have repeatedly advanced the asserted interests of the Government of Guam/People of Guam over GVB's expressly stated positions and interests. Most critically, after GVB transmitted a response to Plaintiff's Complaint that it authorized for filing, AAG Austin filed a different response, ECF 20, without GVB's authorization or consent. The OAG contemporaneously filed its Motion to Clarify Scope of Representation, asking the Court to bless the OAG's divestment of GVB's control of its litigation, ECF 21, followed by a motion to intervene on behalf of the Government of Guam, ECF 22, further embedding the OAG's and AAG Austin's divided loyalty. As a result of the OAG's divided interests, Plaintiff requested entry of default against GVB. GVB must now ask the Court to disqualify AAG Austin, withdraw ECF 20, and give GVB leave to file its own response.

## RELEVANT PROCEDURAL BACKGROUND

1. The Complaint here was filed on June 1, 2026 against GVB and its Chairman in his individual capacity in connection with alleged conduct of a former General Manager from July 2019 to August 2024. The Complaint alleges 42 USC § 1983 *Monell* civil rights liability against GVB; § 1983 civil rights violations against the Chairman; conspiracy to interfere with Plaintiff's civil rights; negligent supervision by GVB's Board of Directors; negligent training; and negligent hiring and retention. ECF 1.

2. On July 17, 2026, the Clerk issued the Scheduling Notice, which requires that a scheduling and planning report be filed by Sep. 29, 2026 and a scheduling conference held on Oct. 13, 2026. ECF 6.

3. On July 23, 2026, the Court required Jane Doe to disclose her identity under seal so that it could conduct its conflicts check. ECF 7.

4. On August 24, 2026, AAG Austin filed a motion to dismiss. ECF 20. The motion shows that the OAG is Attorney for the People of Guam/Government of Guam in the representation of GVB and asks that the Court clarify whether GVB can control its own litigation before deciding its motion.

5. Together with the AAG Austin's motion to dismiss, AAG Erik S. Wojcik on August 24 filed a motion seeking the Court's clarification of the AG's authority to represent GVB as Chief Legal Officer of the Government of Guam. ECF 21.

6. On August 26, 2026, AAG Nicholas J. Ennis, another attorney at the OAG, filed a motion to intervene on behalf of the Government of Guam. ECF 22.

7. After the OAG's filings, Plaintiff on August 26, 2026 requested entry of default against GVB. ECF 25.

8. On August 31, 2026, AAG Austin filed a declaration objecting to Plaintiff's requested entry of default. ECF 27.

9. None of the foregoing motions have been heard or decided.

## FACTUAL BACKGROUND

10. GVB is a nonprofit public membership corporation organized and constituted pursuant to the Guam Visitors Bureau Act ("GVBA"), 12 Guam Code Ann. § 9100 *et seq*. GVB is governed in accordance with the General Corporation Laws of the Territory Guam, 18 Guam Code Ann. § 1101 *et seq*. 12 Guam Code Ann. § 9102. GVB is not a governmental entity. *Laguana v. Guam Visitors Bureau*, 725 F.2d 519, 521 (9th Cir. 1984) (no civil rights protections afforded to GVB employees because it is not a government entity); *Bordallo v. Reyes*, 763 F.2d 1098, 1103

(9th Cir. 1985); *Guam Econ. Development Auth. v Is. Equip. Co., Inc.*, 1998 Guam 7 ¶7; *see also Guam Radio Services, Inc. v. Guam Econ. Development Auth*., 2000 Guam 23 ¶¶ 13-14 (acknowledging *Laguana's* result that, because GVB is not a governmental entity, plaintiff was not entitled to civil rights protection).

11. GVB's General Manager ("GM") has province over its day-to-day operations and primary responsibility for maintenance, operations, development, and administration, GVBA § 9108 (b), subject to direction by the Board of Directors. GVBA § 9108 (c)(9).

12. The AG is the Chief Legal Officer for the Government of Guam. 48 USC § 1421g.

13. The Legislature provided that GVB may retain the services of a firm of attorneys to advise its Board and GM on all legal matters and represent it in local matters; the AG shall represent the Bureau in litigation but may designate its attorney as Special Assistant Attorney General ("SAAG") for purposes of litigation. GVBA § 9109 (b).

14. GVB has retained McDonald Law Offices LLC as its Legal Counsel. *See Exh.* A.

15. After Plaintiff filed the Complaint, the undersigned on June 22, 2026 met with AAG Austin, AG Douglas Moylan, Chief Deputy Attorney General ("CDAG") Joseph A. Guthrie, Deputy Attorney General ("DAG") Norman Lee Miller, Jr., and AAG Gonzalo Gayoso concerning this case. During the meeting, per client instruction, GVB requested AG Moylan's designation of Legal Counsel and Heather M. Quitugua (hereinafter, "GVB's Litigation Attorneys") as SAAGs. *See id*.

16. On June 25, 2026, per client instruction, Legal Counsel accepted service of the Complaint.[1] *See id*.

17. On or about June 25 and 26, 2026, Legal Counsel followed up AG Moylan's designation of SAAGs with AAG Austin. *See id*.

[1] Legal Counsel did not accept service of the Complaint on behalf of Chairman Chiu.

18. On or about July 9, 2026, Legal Counsel met a second time with AG Moylan, CDAG Guthrie, DAG Miller, AAG Austin and AAG Gayoso to discuss the *Jane Doe* matter. At the meeting Legal Counsel repeated the Client's request for SAAG designations. *See id*.

19. On July 17, 2026, Legal Counsel suggested to AAG Austin that an attorney at the OAG enter appearance in this matter pending designation of SAAGs. *See id*.

20. On or about July 29, 2026, GVB General Manager Régine Biscoe Lee (the "GM") wrote to AG Moylan seeking designation of GVB's Litigation Attorneys as SAAGs. *See* Exh. B.

21. As no SAAG designation had been made, GVB Legal Counsel obtained an extension to August 14, 2026 from Plaintiff to respond to the Complaint. *See* Exh. B.

22. On August 3, 2026, AG Moylan informed GVB that OAG would represent GVB in the *Jane Doe* matter and that AAG Austin would be assigned to the case. *See* Exh. C.

23. On August 7, 2026, GVB communicated the Bureau's expectations and instructions to AAG Austin. GVB required that AAG Austin obtain its approval before filing documents with the Court, instructed AAG Austin that it would not seek an additional extension to respond to the Complaint and asked for a draft response for review. *See* Exh. A.

24. On August 10, 2026, AAG Austin and DAG Miller met with Legal Counsel and the Chairman's attorney Louie J. Yanza to discuss this matter, after which AAG Austin provided a draft response for review. His draft response did not provide for the defenses GVB instructed at the meeting. *See* Exh. A.

25. On August 11, 2026, Legal Counsel provided specific instructions concerning the proposed response to AAG Austin. *See id*. AAG Austin later sent GVB a letter asserting that GVB's interests in this matter were subordinate to the AG's interests and informing GVB that the OAG's proposed response would be filed. *See id*.

26. On August 12, 2026, the Chairman sent a written communication to AG Moylan and AAG Austin formally instructing AAG Austin to withdraw from his representation of GVB in this

matter. The letter provided that, despite GVB's express instructions, AAG Austin circulated a draft response that rejected GVB's positions and expressly informed GVB he did not consider himself to represent GVB, would not follow its instructions, and intended to file a response on GVB's behalf over its objection. GVB's letter stated that AAG Austin had divided loyalties, and breached his duty of loyalty to the client, and his representation created an unacceptable conflict of interest and directly contravenes GVB's instructions. GVB withheld its consent for AAG Austin to file a response on its behalf, instructed him to withdraw from the representation, and requested that the AG designate a non-conflicted attorney for its representation. *See* Exh. D.

27. Because GVB rejected AAG Austin's proposed response, on August 13, 2026, the OAG secured an extension from Jane Doe's attorney to respond to the Complaint. *See* Exh. A.

28. On August 14, 2026, CDAG Guthrie sent a letter to the GM stating that the OAG intended to represent the People of Guam/Government of Guam as the government of Guam's Chief Legal Officer and would provide representation of GVB as well. *See* Exh. E.

29. On August 17, 2026, GVB wrote back to CDAG Guthrie and gave the OAG another opportunity to provide a draft response for GVB's approval and asked for a meeting to discuss it. *See* Exh. F.

30. On August 18, 2026, AAG Austin provided a draft response in substantially the same form as had previously been rejected by GVB. In response, the GM sent an email asking AAG Austin clarification of who he represented and which Government of Guam official authorized the OAG to represent the Government of Guam. *See* Exh. G.

31. On August 19. 2026, CDAG Guthrie wrote to the GM stating that the OAG would file the brief GVB rejected to protect the Government of Guam's interests. *See* Exh. H.

32. On August 20, 2026, the GM emailed CDAG Guthrie urgently requesting a meeting concerning the OAG's representation and litigation position in the *Jane Doe* matter. The GM stated that OAG had not clarified whom they represented and that its refusal to do so and stated

intention to file a response contrary to GVB's instructions, demonstrated that the OAG did not represent GVB's interests. The GM advised that GVB considered the proposed response legally incorrect, harmful to GVB, inconsistent with Guam Supreme Court authority, and unacceptable. She reiterated GVB's specific instruction that it not be filed, renewed GVB's request for conflict-free counsel, and reiterated that AAG Austin must withdraw as previously directed. The GM again insisted that the OAG must provide non-conflicted counsel. *See* Exh. I.

33. Later on August 20, the GM, Chairman and GVB Legal Counsel met with DAG Miller and AAG Gayoso. DAG Miller and AAG Gayoso clarified that the OAG represented AG Moylan's interest as the authorized official for the Government of Guam/People of Guam. The undersigned reemphasized GVB's position rejecting AAG Austin's proposed response and urged DAG Miller and AAG Gayoso to follow GVB's instructions. The Chairman, too, pleaded with the OAG attorneys to follow GVB's instructions. Because the draft needed work, GVB instructed that another extension be requested. This was to be the second extension since GVB's instruction on August 7 that no further extensions were to be sought. *See* Exh. A.

34. On August 21, 2026, through exchanges of emails, DAG Miller advised GVB that if Jane Doe's attorneys did not agree to an extension the OAG would be required file its response. The GM wrote back telling DAG Miller not to file the OAG's response and requested that the he provide a version that followed GVB's instructions. The GM further advised DAG Miller that GVB did not approve the OAG's brief and instructed the filing of a request for a continuance, stating again that the OAG was not authorized to file its response. *See* Exh. J.

35. The GM next emailed a letter to AG Moylan stating that AAG Austin's proposed response was not authorized for filing. *See* Exh. K. Soon afterwards, DAG Miller informed GVB the Plaintiff denied further extension. So, the Chairman directed the OAG to prepare a response that followed GVB's instructions and that GVB would stand by to review the proposed filing before the midnight electronic filing deadline if necessary. Near the close of business, AAG

Austin advised GVB that the OAG obtained an extension of time from Jane Doe's attorney and that GVB's deadline was extended to August 24, 2026. The GM requested that the OAG provide a revised proposed draft with sufficient time for GVB to review it and offer comments or proposed edits. *See* Exh. L. AAG Austin then provided a proposed draft response, which was in substantially the same form as had been previously rejected by GVB. *See* Exh. A.

36. On August 24, 2026, the GM informed AAG Austin that his proposed draft required substantial revisions, transmitted a response prepared by GVB Litigation Attorneys, and stated that he was authorized to file it. *See* Exh. L.

37. The response that GVB authorized AAG Austin to file is attached as Exh. O, however, edited only to reflect the undersigned Legal Counsel's letterhead.

38. Exh. O is also a copy of the Motion to Dismiss that GVB seeks to file in this Omnibus Motion.

39. AAG Austin refused to follow GVB's instructions then filed the OAG's response, a Motion to Dismiss, that GVB rejected on several occasions. *See* ECF 20. GVB did not approve of this filing. Besides being unauthorized, the response failed to assert specific defenses that GVB instructed AAG Austin to assert and provided to the Court and Jane Doe that the OAG represents the Government of Guam/People of Guam as GVB's attorneys. *See* Exh. A; ECF 20. GVB's approved defenses are found in Exh. O filed with this Motion.

40. GVB was not consulted on, did not consent to, and its approval was not sought for, the OAG's filing of the Motion to Clarify Scope of Representation (ECF 21). *See* Exh. A. That motion in substance seeks this Court's order to divest GVB of its right to instruct its attorneys and direct its own defense in this matter. The OAG has thus taken affirmative steps to prejudice GVB's interest in favor of Government of Guam/People of Guam.

41. On August 26, 2026, Plaintiff requested entry of default pursuant to Fed. R. Civ. P 55(a) because GVB failed to plead or otherwise defend by the agreed extended deadline. ECF 25.

Counsel for Plaintiff in his declaration in support of the request for default states, "By agreement of counsel, based on the misrepresentation that the Office of the Attorney General was counsel for GVB, GVB's time to answer was extended again to August 21, and extended again to August 24. As of the date of this filing, GVB has not filed an answer and has not otherwise filed any responsive motion to the Complaint." ECF 26, ¶5.

42. At its August 27, 2026 regular meeting, the GVB Board of Directors put on the record that the OAG's filings were not authorized and affirmatively harmed GVB's interests. The Board further stated that, it would not provide other instruction or direction to the GM regarding this matter and that, the GM shall continue to direct GVB Legal Counsel in the matter. *See*, https://govguam.tv/video_details/gvb/gvb-board-of-directors-meeting-august-27-2026, at 2:28 (last visited Sep. 10, 2026).

43. On September 2, 2026, AAG Austin sent a letter to the GM and Chairman advising GVB to include the August 14 letter from CDAG Guthrie in its response if the Bureau should respond to the OAG's Motion for Clarification. AAG Austin also sought GVB's authorization for him to deal with Jane Doe's attorneys regarding the Fed. R. Civ. P. 26(f) conference. *See* Exh. L.

44. In a letter dated September 3, 2026, the undersigned Legal Counsel wrote to AAG Austin requesting that he not communicate directly with GVB as it was represented by counsel. He was informed that, despite his refusal to withdraw, his representation ended when GVB instructed his withdrawal from the *Jane Doe* matter. Additionally, because the OAG sought to divest GVB of its own defense, the OAG's representation of the Government of Guam/People of Guam conflicted with and prejudiced GVB's interests. Finally, it was made clear to AAG Austin that his withdrawal from representation was mandatory. *See* Exh. N.

# I. LAW

## A. Standard for disqualification

45. Attorneys practicing in this Court must comply with the Guam Rules of Professional Conduct ("GRPC," also "the Rules"). GNLR 22.3(b). The Court may disqualify counsel when necessary to enforce the Rules and preserve the integrity of the judicial process. *See Santos v. Camacho*, Civ. Case No. 04-00006, 2006 WL 581251 (D. Guam Mar. 10, 2006) (Order Re Objections to Magistrate Order of Sep. 19, 2005). A motion to disqualify is an extraordinary remedy and must be subjected to particularly strict judicial scrutiny, because such motions can be misused for tactical advantage, impose substantial costs and delay, and deprive a party of counsel. *See Matthews v. United States*, Civ. Case No. 07-00030, 2010 WL 503038 (D. Guam Feb. 9, 2010) (Op. and Order Re Disqualification of Attorney David Hopkins) (citing *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348–49 (9th Cir. 1988); *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050–52 (9th Cir. 1985)).

46. To establish disqualification, GVB must show both (A) conduct that violates an applicable rule of professional responsibility or otherwise creates an actual, legally cognizable conflict, and (B) that disqualification is an appropriate and proportionate remedy under the circumstances. *See Matthews*, 2010 WL 503038 (denying disqualification where no attorney client relationship existed); *see also United States v. Wencke*, 604 F.2d 607 (9th Cir. 1979) (denying disqualification because no ethical violations found). The operative question is whether counsel's continued representation "violates or significantly risks violating" the Rules. *Barrett-Anderson v. Camacho*, 2018 Guam 20 ¶ 20.

B. Guam Rules of Professional Conduct

i. The Rules apply to Government of Guam attorneys

47. The Supreme Court of Guam and this Court apply the Rules to Government of Guam attorneys. *E.g.*, *Barrett-Anderson v. Camacho*, 2018 Guam 20; *In re Request of Leon Guerrero*, 2024 Guam 18; *People v. Santos*, 2018 Guam 12; *People v. Wia*, 2020 Guam 17; *People v. Crisostomo*, 2026 Guam 4; *Santos v. Camacho*, 2006 WL 581251; *United States v. Gov't of Guam*,

Civ. Case No. 02-00022, 2013 WL 4309814 (D. Guam Aug. 13, 2013) (Order Re Mot. for Reconsideration); *Gutierrez v. Dir., Dep't of Revenue & Taxation*, Civ. Case No. 16-00082, 2018 WL 9439697 (D. Guam Apr. 19, 2018) (Order Denying Mot. to Disqualify).

ii. GRPC 1.7: Conflict of interest: current clients

48. Under GRPC 1.7(a), a concurrent conflict of interest exists where the representation of one client will be directly adverse to another client; or, there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person, or by a personal interest of the lawyer. Where an attorney represents a client while taking a position adverse to that client's interests in the same controversy, the issue is not merely a tactical disagreement; it implicates the attorney's fundamental duty of undivided loyalty. *See Smiley v. Dir., Office of Workers' Comp. Programs*, 984 F.2d 278, 282 (9th Cir. 1993) (citing *Unified Sewerage Agency of Wash. Cnty. v. Jelco Inc.*, 646 F.2d 1339, 1345 (9th Cir. 1981)).

49. To the extent the Court finds a concurrent conflict, representation may continue only if all four conditions of GRPC 1.7(b) are satisfied. First, the lawyer must reasonably believe he or she can provide competent and diligent representation to each affected client. Second, the representation must not be prohibited by law. Third, the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in litigation. And fourth, each affected client gives informed consent, confirmed in writing. GRPC 1.7 (b). The burden of establishing informed consent rests with the attorney relying on that consent, not with the affected client. *See Unified Sewerage*, 646 F.2d at 1345; *Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 136 F.3d 1354, 1355-1366 (9th Cir. 1998).

50. Accordingly, GVB must establish that an attorney-client relationship existed with AAG Austin; that he simultaneously represented or advanced the interests of another client or principal whose position was adverse to GVB, or that his responsibilities to another client or

principal created a significant risk of materially limiting his representation of GVB; and that the conflict was material. He may continue the representation only upon obtaining written consent.

iii. GRPC 1.2: Scope of representation and allocation of authority

51. Rule 1.2 (a) requires that a lawyer "abide by a client's decisions concerning the objectives of representation," consult with the client as to the means by which they are to be pursued, and provides that a lawyer "may take only such action on behalf of the client as is impliedly authorized to carry out the representation." GRPC 1.2 (a); *see also United States v. Gov't of Guam*, 2013 WL 4309814 *14.

iv. GRPC 1.13: Organization as client

52. Where the client is an organization, the lawyer "employed or retained by an organization represents the organization acting through its duly authorized constituents." GRPC 1.13 (a). The Guam Supreme Court has applied Rule 1.13 to the AG's representation of government clients, observing that because such a client "is an inanimate entity," it "must act through its agents[,] since it cannot speak directly to its lawyers," and that, when the agent communicates with the lawyer, the communication is that of the client. *In re Request of Leon Guerrero*, 2024 Guam 18 ¶ 47 (citing *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985); *Jesse by Reinecke v. Danforth*, 485 N.W.2d 63, 67 (Wis. 1992)).

v. GRPC 1.16: Declining or terminating representation

53. Rule 1.16 (a) provides that a lawyer "shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if … (3) the lawyer is discharged." GRPC 1.16 (a) (3). Rule 1.16 (a) (1) requires withdrawal where continued representation results in violation of the GRPC or other law. Upon termination, a lawyer "shall take steps to the extent reasonably practicable to protect a client's interests." GRPC 1.16 (d). Where a conflict prevents the AG from providing representation to a government entity, the Supreme Court of Guam reasoned that the AG should approve outside counsel or otherwise

appoint a SAAG, and that, when the AG refuses to do so, the lawful authority may hire its own authority. *In re Request of Leon Guerrero*, 2024 Guam 18 & n.11 (citing GRPC 1.16 (d)). GRPC 1.16 (c) requires a withdrawing lawyer to seek the permission of the tribunal.

vi. GRPC 5.1: Responsibilities of supervisory lawyers

54. A lawyer having supervisory authority over another lawyer is to reasonably ensure that subordinate lawyers conforms to the GRPC and is responsible for a subordinate's Rules violation where the supervising lawyer "orders or, with knowledge of the specific conduct, ratifies the conduct," or fails to take remedial action to avoid or mitigate it. GRPC 5.1(b), (c).

## II. DISCUSSION

### A. <u>AAG Austin has a non-curable concurrent conflict of interest which appears on the face of the OAG's own writings and filings.</u>

51. The OAG's attorneys have confirmed their divided loyalty. On August 11, AAG Austin wrote GVB that the AG's direction would control the Bureau's defense, and that, he would not follow its instructions. Exh. A. On August 14, CDAG Guthrie wrote that the OAG represents GVB as part of the Government of Guam and that, the AG controls the litigation, litigation strategy and direction because GVB is part of the government. Exh. E. On August 19, CDAG Guthrie wrote that the OAG would file the motion GVB had rejected to protect the Government's interests. Exh. H. On August 20, DAG Miller and AAG Gayoso confirmed to GVB's Chairman, CEO, and Litigation Attorneys that the OAG represented AG Moylan, who was the government official for the Government of Guam/People of Guam. Exh. A.

52. The motion to dismiss filed on August 24 identifies the OAG as attorneys for the Government of Guam/People of Guam while purporting to move on GVB's behalf, and states that the brief was submitted on behalf of GVB/the Government pursuant to 48 U.S.C. § 1421g (d)(1) and 12 GCA § 9109 (b). ECF 20. Two days later, another OAG attorney moved to intervene on behalf of the Government of Guam. ECF 22.

53. Both prongs of Rule 1.7 (a) are satisfied. AAG Austin's principal is the AG, asserting the interests of the Government and the People but his client of record is GVB. GVB is under settled law not a Government of Guam entity. *Laguana v. Guam Visitors Bureau*; *Bordallo v. Reyes*; *Guam Econ. Dev. Auth. v. Island Equip. Co.*; *Guam Radio Servs., Inc. v. Guam Econ. Dev. Auth*. The OAG attorneys' stated position that GVB is a part of the Government goes against settled law. *See* ECF 20, 2 ("we on behalf of GVB, which is an entity and part of the Government of Guam, hereby move…"). AAG Ausitn cannot simultaneously advance both propositions on GVB's behalf. "Where an attorney represents a client while taking a position adverse to that client's interests in the same controversy, the issue is not merely a tactical disagreement; it implicates the attorney's fundamental duty of undivided loyalty." *Smiley*, 984 F.2d at 282.

54. At minimum, AAG Austin's declared allegiance to the AG and assumed duty to a competing principal created a significant risk that the GVB's representation will be materially limited by his responsibilities to the AG/Government of Guam/People of Guam, GRPC 1.7 (a) (2), a risk that materialized in the content of his motion to dismiss.

B. <u>The Motion to Clarify Scope of Representation shows divided loyalty and prejudice to GVB's interests.</u>

55. On the same day AAG Austin filed his unauthorized motion, the OAG filed a Motion to Clarify Scope of Representation. ECF 21. GVB did not consent to or approve of the filing. That motion's purpose was to have the Court decide whether the AG may make independent legal decisions on case strategy, direction, and settlement without instruction and direction from GVB. ECF 21, 3-4. Without GVB's approval or consent, AAG Austin's motion to dismiss asked that ECF 21 be decided before his motion.

56. GVB does not ask the Court to resolve ECF 21. AAG Austin's conflict is independent of his dubious legal theory. Despite his ethical obligations, he ignored his conflict, shoehorned his colleague's motion into the motion to dismiss, and wants the Court to sanction that

he not follow the client's direction. He thus seeks to diminish GVB's authority over its own defense by taking a position adverse his client. GRPC 1.7 (a) (1). He also creates a present material limitation to his representation, as well as an ongoing, significant risk of it. GRPC 1.7 (a) (2). AAG Austin has a concurrent conflict of interest.

57. GVB's interests are to maintain its status as a non-government entity and assert the defenses it determines are necessary. The interest served by ECFs 20 and 21 is the AG's theory of paramount control of litigation involving government entities. The OAG's filings without GVB's consent, while AAG Austin remains counsel of record for GVB, plainly show his divided loyalty and prejudice to GVB's interests, not a neutral request for guidance. As stated in GVB 's September 3 letter, because the OAG seeks "judicial intervention to divest GVB of its right to instruct its attorneys and direct its own defense," it took "affirmative steps to prejudice GVB's interest," and "[t]he conflict is palpable, patent, and prejudicial." Exh. M.

C. <u>GVB expressly and repeatedly refused consent; Rule 1.7(b) conditions cannot be met.</u>

58. Where a concurrent conflict exists, the representation may continue only if *each* of the four Rule 1.7 (b) conditions is satisfied, and the burden of establishing informed consent, confirmed in writing, rests on the attorney invoking it. *See Image Tech. Servs.*, 136 F.3d at 1358 (automatic ethics violation without written informed consent); *see also Unified Sewerage*, 646 F.2d at 1345 (requiring full disclosure to obtain consent). That burden cannot be carried here, because consent was never given and was affirmatively and repeatedly refused in writing.

59. On August 12, GVB wrote to AG Moylan and AAG Austin, informing them that GVB does not provide AAG Austin permission to file a response the Complaint. Exh. C. GVB acknowledged his divided loyalties and found it unacceptable and instructed AAG Austin to withdraw from representation and requested the AG's appointment of a nonconflicted attorney who is able to provide representation without "similar disability." *Id.* On August 20, GVB reiterated that AAG Austin's proposed response harms GVB's interest is not authorized. GVB for

a second time instructed that he withdraw and asked for an attorney without conflicted interests. Exh. I. On August 21, the GM wrote AG Moylan directly proclaiming that GVB was not requesting that the OAG stand down with the filing, plainly asserting that, "There is not now nor has there ever been any authority to file the proposed brief. Any attorney who files it or one containing the arguments as proposed in your brief does so without authority from the client." Exh. K. On September 3, the undersigned Legal Counsel wrote that "GVB reiterates that it did not and does not consent to your representation." Exh. N.

60. The absence of written informed consent is dispositive under Rule 1.7(b)(4) and resolves the inquiry. Furthermore, the remaining conditions are in serious doubt on this record. AAG Austin cannot reasonably believe he provides competent and diligent representation while declining to assert the GVB's instructed defenses, denying long-settled law, and seeking to wrest GVB of its right to direct its defense.

D. <u>AAG Austin's August 24 filing breached his duty of loyalty in the greatest sense and compels disqualification.</u>

61. The events before August 24 may be characterized as disagreement between lawyer and client. What occurred on that day cannot. Finding his motion deficient and not in GVB's. interest, the CEO emailed AAG Austin that his draft required substantial edits and instructed him to file what was attached to the email. Exh. L. Her instruction was unambiguous. GVB's Litigation Attorneys provided a draft for filing, and the communication affirmatively limited his authority. However, AAG Austin filed his own motion, which was substantially the same tat was rejected on several occasions. It asserted GVB was a government of Guam entity, omitted a statute-of-limitations defense to the § 1983 claim, the incompliant Fed. R. Civ. P 10 (a) filing as grounds for dismissal, the Fed. R. Civ. P. 41(b) involuntary-dismissal grounds and request for dismissal be with prejudice on futility grounds, all of which GVB's authorized motion asserted. *C.f.* ECF 20 *with* Exh. O.

62. The Rules leave no room for what AAG Austin did. A lawyer is required to abide by the client's decisions concerning the objectives of representation and is only authorized to carry consistent with those objectives. GRPC 1.2 (a). The GM, who has responsibility for operation and ad`ministration, subject to Board direction, GVBA § 9108(b), (c)(9), gave express, written, same-day denial of authority could not be more clear. ECF 20 was filed without authorization.

63. AAG Austin's conduct betrayed GVB's interest. He was provided the very arguments and positions GVB authorized but filed a forbidden pleading, which omitted mandated defenses and asserted governmental status. Where counsel fails to pursue a strong and obvious defense, there is no countervailing benefit to foregoing that defense, or other explanation for the attorney's conduct, these facts amount to disloyalty. *People v. Crisostomo*, 2026 Guam 4 ¶ 25 *quoting McFarland v. Yukins*, 356 F.3d 688, 707 (6th Cir. 2004). Adverse effect from divided loyalty can be shown that the lawyer did something to the client's detriment or failed to do something advantageous so he or should could protect another interest. *Crisostomo*, 2026 Guam 4 ¶¶ 24-32 *quoting Boykin v. Webb*, 541 F.3d 638, 644 (6th Cir. 2008). AAG Austin withheld GVB's defenses for no reason other than to advance a position advocated by the AG.

64. This was not the first time that the AG has taken a position adverse to his client. In *Santos v. Camacho*, the AG maintained that his status as chief legal officer entitled him to control the representation and resisted the client's effort to displace him. This Court declined to accept that premise. *Id*. *Santos* is clear that the AG's chief legal officer status does not entitle him to override the client's direction of its own litigation. While the posture here is not fully analogous, it is materially worse because AAG Austin exercised control he had been told he did not have.

65. The consequences of AAG Austin's divided loyalty were immediate. Plaintiff's requestion for entry of default came about precisely because of AAG Austin's representation of other interests. *See* ECF 25. A representation that provokes default ceases to function as a representation. Desperately trying to correct his unforced error, *see* ECF 27, he persists and splits

hairs, seeking permission deal with Plaintiff's attorney regarding the Rule 26(f) conference. Exh. M. He has not withdrawn as of this filing; GVB's position that his withdrawal is mandatory evidently is not enough. *See* Exh. N.

E. No attorney has communicated with GVB since September 2, 2026.

66. The undersigned sent an email to AAG Austin on September 10, 2026 asking if he was still employed with the OAG. The email was returned undelivered. No attorney at the OAG has communicated with GVB since AAG Austin's September 2 letter to the GM. Exh. A.

F. Potential incompliance with GRPC 1.16 and GNLR 19.1.

67. While AAG Austin may no longer be employed with the OAG, he has not withdrawn with the Court's permission, as required by GNLR 19.1(c) and GRPC 1.16 (c). Nor has an attorney who represents GVB's interest been substituted in per GNLR 19.1(b). Furthermore, AAG Austin has not withdrawn ECF 20, which was unauthorized, as required by GRPC 1.16 (d).

G. Disqualification in accordance with *Matthews* is appropriate.

68. AAG Austin has concurrent conflict under GRPC 1.7 that he cannot cure. He violated GRPC 1.2 (a) by filing ECF 20, contrary to GVB's express prohibition and GRPC 1.4(a)(2) and (4) in the repeated re-tender of previously rejected drafts and the failure to answer GVB's questions concerning whom he represented. Furthermore, GVB's repeated discharge on August 12, August 20 and September 3, requires application of GRPC 1.16 (a) (3), requiring his withdrawal upon discharge. That he serves at the AG's direction and cannot be discharged by the Bureau must not be a basis for continuing to appear for GVB in the interim over the client's written objection.

69. *Santos* also requires examination of the facts and circumstances of the case. GVB acknowledges that disqualification is an extraordinary remedy warranting particularly strict scrutiny. *Shurance*, 839 F.2d at 1348–49; *Optyl*, 760 F.2d at 1050–52. The prudential concerns for scrutiny arise where a *litigation adversary* invokes disqualification for tactical advantage,

imposing cost and delay and stripping a party of chosen counsel. *Matthews*, 2010 WL 503038. Each concern points the other way here. This motion is brought by the client, against its own attorney of record, seeking relief the Rules contemplate upon discharge. GVB is the party presently deprived of counsel of its choosing. The delay and expense were generated by filings GVB forbade, and a default motion is now pending against GVB as a result. Substitute counsel is retained and prepared to appear immediately. No trial date has been set, no motion has been heard, and the Rule 26 (f) conference has not occurred. The prejudice to GVB is concrete and accruing; the prejudice attending disqualification is negligible.

70. GVB further notes that it exhausted cooperative alternatives before seeking relief. It requested SAAG designation of its Litigation Attorneys numerous times. It furnished written instructions and expectations. It requested drafts that attend to its interests to review and met with the OAG several occasions. The OAG declined each course of cooperation.

71. There is no other remediation available other than disqualification.

H. <u>ECF 20 should be withdrawn, and GVB granted leave to file its authorized Motion to Dismiss.</u>

72. ECF 20 was filed after the client expressly withdrew authority for it and expressly authorized a different pleading. Because a lawyer "may take only such action on behalf of the client as is impliedly authorized to carry out the representation," GRPC 1.2 (a), and because implied authorization cannot survive an express contrary instruction, ECF 20 should be stricken as to GVB or its withdrawal permitted. The prejudice is substantive rather than formal. GVB should not be bound by a dispositive filing that withholds its chosen defenses and concedes its principal contested characterization.

73. Finally, GVB's authorized motion is complete and ready for filing. Leave to file is appropriate since it was prevented from filing its own response.

## CONCLUSION

For the foregoing reasons, GVB asks the Court to order disqualification of Assistant Attorney General David A. Austin from this case, withdrawal of his Motion to Dismiss, and allowing leave for GVB to file the motion found in Exhibit N.

Respectfully submitted,

Dated: September 11, 2026

/s/

**JOSEPH B. McDONALD**
McDonald Law Offices LLC
Attorneys for the Guam Visitors Bureau

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2026, I filed the foregoing with the Clerk of the District Court of Guam via the CM/ECF system which provides notice of this filing to the following attorneys of record:

DOUGLAS B. MOYLAN
ATTORNEY GENERAL OF GUAM
OFFICE OF THE ATTORNEY GENERAL
Civil Division
David A. Austin
Nicholas J. Ennis
Eric S. Wojcik
134 W. Soledad Avenue Suite 302
Hagatna, Guam 96910
Tel: (671) 475-2710
Fax: (671) 477-2493
www.guamattorneygeneral.org

RAZZANO WALSH & TORRES, P.C.
service@rwtguam.com
Joseph C. Razzano
Joshua D. Walsh
Pan American Bldg.
139 Murray Blvd. Suite 100
Hagatna, Guam 96910
Office: (671) 473-1117
Fax: (671) 477-4826
jrazzano@rwtguam.com
jwalsh@rtwguam.com

LOUIE J. YANZA
LAW OFFICE OF LOUIE J. YANZA, PC
Louie J. Yanza
MVP Building
862 S. Marine Corps Drive Suite 203
Tamuning, Guam 96913
Tel: (671) 477-7059
Fax: (671) 472-5487
admin@jurisguam.com

Respectfully submitted this 11th day of September, 2026.

/s/

_________________________________

Joseph B. McDonald
McDonald Law Office LLC
Attorneys for Defendant Guam Visitors Bureau