September 2, 2026

**Regine Biscoe Lee**
President
Guam Visitors Bureau

**George Chiu**
Chairman
Guam Visitors Bureau
Through Counsel Louie Yanza, Esq.

**Subject:** ***Jane Doe v. Guam Visitors Bureau, et. al.*; CV00017-26**

As you know the Office of the Attorney General through its civil division has filed a motion for clarification in this matter as well as a motion to intervene on behalf of the Government of Guam.

Based upon the attached letter from the Chief Deputy AG Joseph Guthrie, I understand that you would be engaging the McDonald Law Office as counsel if you wished to make your position known on the Motion to Clarify. Please find a copy of the Chief Deputy's August 14, 2026 letter attached.

Plaintiff's counsel has requested a 26(f) conference, and I would like to inform him whether I am authorized to act on GVB's behalf, or if GVB prefers to hold off on such matters until the motion to clarify is resolved.

Respectfully,

**David Austin**
Assistant Attorney General

Attachments

**Office of the Attorney General**
**Douglas B. Moylan · Attorney General of Guam**

134 W Soledad Avenue, Ste 302 · *Hagåtña*, Guam 96910 · USA
671-475-2709 · 671-475-2493 (fax) · *solicitors@oagguam.org* · www.guamattorneygeneral.org
***"Guam's Toughest Law Enforcers"***

RECEIVED
AUG 1 4 2026
McDONALD LAW OFFICE LLC
Received By: Iesha Tudop
Time/Entered: 3:13PM

RECEIVED
Law Office of Louie J. Yanza, PC
Date: 8/14/26
Time: 1:26 PM By: BT
for George Chiu

August 14, 2026

GUAM VISITORS BUREAU
RECEIVED
Date: 08/14/2026
Time: 11:10 AM
By: AMBER S.
FOR GEORGE CHIU

GUAM VISITORS BUREAU
RECEIVED
Date: 08/14/2026
Time: 11:10 AM
By: AMBER S.
FOR MS. RÉGINE BISCOE LEE

**Ms. Regine Biscoe Lee**
President and CEO
**Mr. George Chiu**
Chairman of the Board
Guam Visitors Bureau
401 Pale San Vitores Road
Tumon, GU 96913

**Subject:** **U.S. District Court Case No. 1:26-cv-00017; Representation of GVB**

*Hafa Adai* Ms. Lee & Chairman Chiu:

We reviewed your recent correspondence regarding this Office's duties in representing the Guam Visitors Bureau ("GVB") in the above-referenced matter. We respectfully contend that the position you advance conflicts with Guam's Organic Act federal and local statutes, controlling precedent, and the Guam Rules of Professional Conduct.

Your correspondence suggests that a conflict exists because the Attorney General's Office intends to appear on behalf of both GVB and the People of Guam. You appear to assume that the interests of GVB and the People diverge. We believe that they do not, and in fact the creators of the Guam Visitors Bureau likewise mandated that the Attorney General represent the People's / Government's legal interests and GVB.

The U.S. Congress created the AG's Office as the "Chief Legal Officer of the Government of Guam," 48 USC § 1421g(d)(1), and the Guam Legislature requires that we represent it / GVB when GVB is sued in litigation. 12 GCA § 9109(b). The statutes are consistent in these regards, and we can only represent the Government of Guam, which GVB is a part of. We are concerned that you contend that GVB is not part of the

Government of Guam and in doing so may fall outside the immunity protections of *Ngiraingas*. *Infra.* [1]

The Government of Guam's interest is clear, specifically the prompt dismissal of this matter with no financial liability to GVB or to the Government of Guam (taxpayers), which Govt of Guam created GVB. We presume GVB shares this objective, and that you will fully cooperate with this Office in fulfilling the mandates of the above cited laws.

We also point out that there is ample legal authority that support the legal contention that once the government (i.e. GVB) is sued, and the Attorney General's Office is required to provide representation, that litigation is controlled by the Attorney General's Office. See *Newberg, Inc. v. The Illinois State Toll Highway Authority*, 98 Ill.2d 58, 456 N.E.2d 50 (1983); *Wade v. Mississippi Cooperative Extension Service*, 392 F.Supp.229 (N.D.Miss. 1975); *State v. Warren*, 180 So.2d 293, 299 (Miss. 1965). Numerous other jurisdictions, including Illinois cited above, which IL State is the State that the U.S. Congress patterned Guam's Attorney General after.

Under our legal interpretation of 5 GCA § 30109(c), the Attorney General "*shall conduct on behalf of the government of Guam all civil actions in which the government is an interested party*." Likewise, 12 GCA § 9109(b) mandates that the Attorney General "*shall represent the Bureau in litigation*." Based upon the foregoing, and other legal authority, we interpret these 2 statutes establish two principles:

(i) GVB is a governmental client of the Attorney General; and
(ii) the Attorney General controls litigation strategy and direction.

Notably, courts nationwide recognize this structure. In *Newberg*,[2] the Illinois Supreme Court held that when the Attorney General represents a state entity, strategic control rests with the Attorney General. Similarly, *Wade*[3] confirms that the Attorney General determines litigation tactics even while consulting with the client regarding objectives.

The Guam Rules of Professional Conduct reinforce this division of authority under its rules patterned after organization as client. GRPC Rule 1.13. The Government of Guam and its creation GVB are "organizations" with the People of Guam being its source makeup, akin to shareholders, who elected the Attorney General. Again, please review how Illinois interpreted the Attorney General relative to litigation such as what faces GVB.

---

[1] *Ngiraingas v. Sanchez*, 849 F.2d 372, 376 (9th Cir.), opinion amended and superseded on denial of reh'g, 858 F.2d 1368 (9th Cir. 1988), aff'd, 495 U.S. 182, 110 S. Ct. 1737, 109 L. Ed. 2d 163 (1990)
[2] *Newberg, Inc. v. The Illinois State Toll Highway Authority* 98 Ill. 2d 58, 456 NE 2d 50 (1983)
[3] *Wade v. Mississippi Cooperative Extension Service* 392 F. Supp. 229 (ND Miss 1975)

If you agree with our above legal interpretation, please advise us accordingly. We obviously wish your cooperation in protecting the legal interests of GVB which we consider part of the Government of Guam, especially as it pertains to the non-applicability of the current Civil Rights § 1983 claim against GVB. We believe that under *Ngiraingas v. Sanchez*, 495 U.S. 182 (1990), that GVB being part of the government of Guam is immune from the application of the current lawsuit facing GVB.

In addition, we wish to clarify if your communications seeking to direct, control and to disqualify the Attorney General is consistent with a Board decision? Since GVB is not a person, but an entity controlled by a board of directors that acts upon motion and adoption of said motion, a resolution or board minutes appears to be required. We welcome your thoughts on this particular issue.

Please be informed, recognizing that your current communications appear to treat us as a private attorney, and "your attorney" with the abililty to direct our actions, and to terminate us at will, despite the before cited federal and Guam laws, we intend to file a motion with the District Court for the Judge to decide:

(i) whether the AG's Office represents GVB under Federal and Guam law; and

(ii) whether the AG's Office must follow the direction of GVB directly, and not make independent legal decisions on case strategy, direction, civil prosecution and possible settlement if settlement becomes an issue.

We will provide you a copy of our motion, and if you disagree with our legal contention, please also file the appropriate memorandum of your position so that we might receive the direction from the federal courts.

We believe that having the courts decide these important questions critical before further legal actions commence to save our time, to be in conformity with the legal and ethical laws and rules and to best utilize everyone's resources. Who properly represents each party and the extent of that representation given the Organic Act and local territorial law, including representing GVB herein, should be answered before further actions are taken on this case. As you may know, the local laws were in existence in 1998 when the U.S. Congress radically changed the Office to make it of Constiutitional significance by placing it into the Organic Act and empowering it with the Illinois language and all the legal authority that "Chief Legal Officer of the Govt. of Guam" entailed.

The above being said, we believe that GVB's interests and that of the AG may be wholly consistent and that we can jointly proceed to achieve both our objectives and duties. We note that we have met with Attorney Joseph McDonald and discussed a legal strategy that he did not object to. Another meeting with the Board may be best able to

smooth over any misunderstandings or confusion lost by using intermediaries. Otherwise, please advise us accordingly to proceed by bringing this matter to the Judge's attention so that we can proceed with defending against the over $60M § 1983 Civil Rights Claim against GVB.

Finally, our office was able to secure yesterday an extension until next Friday, August 21, 2026 from Plaintiff's counsel, Atty. Walsh, wherein we intend to file FRCP Rule 12 motions, and others that we met earlier with Atty. Joseph McDonald in order to defend GVB and the Govt. of Guam with the protections afforded to us by the U.S. Supreme Court in *Ngiraingas*, *supra*, and other 9th Circuit cases.

We look forward and thank you for your prompt response.

Sincerely,

**Joseph A. Guthrie**
Chief Deputy Attorney General