IN THE DISTRICT COURT OF GUAM

JANE DOE,

Plaintiff,

v.

GUAM VISITORS BUREAU, a Guam public corporation, and GEORGE CHIU, in his individual capacity as Chairman of the Board of Directors of the Guam Visitors Bureau,

Defendants.

Case No. 1:26-cv-00017

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR A COORDINATED BRIEFING SCHEDULE AND CASE MANAGEMENT ORDER**

Before the Court is Plaintiff Jane Doe's Motion for a Coordinated Briefing Schedule and Case Management Order (ECF No. 31), filed on September 10, 2026. Therein, Plaintiff requests a coordinated briefing schedule for the motions pending before the Court that first resolves which counsel represents Defendant Guam Visitors Bureau ("GVB") before addressing in turn the Government of Guam's motion to intervene, Plaintiff's motion for default, Defendants' motions to dismiss, the Guam Office of the Attorney General's ("OAG") failure to cooperate in case management and scheduling, and the Guam OAG's notice of recusal.

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (recognizing "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). In addition, determining the sequence in which pending

motions will be decided is a docket-management decision, falling within the inherent authority committed to the district court's discretion. *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002).

In this matter, the following motions are pending:

- Defendant GVB's Motion to Dismiss (ECF No. 20), filed on August 24, 2026, by Guam OAG Assistant Attorney General David Austin;
- Non-party Guam OAG's Motion to Clarify Scope of Representation (ECF No. 21), filed on August 24, 2026, by Guam OAG Assistant Attorney General Eric S. Wojcik;
- Non-party Government of Guam's Motion to Intervene as Defendant-Intervenor (ECF No. 22), filed on August 26, 2026, by Guam OAG Assistant Attorney General Nicholas J. Ennis;
- Defendant Chiu's Request to Take Judicial Notice (ECF No. 23), filed on August 26, 2026;
- Defendant Chiu's Motion to Dismiss (ECF No. 24), filed on August 26, 2026;
- Plaintiff's Request for Entry of Default (ECF No. 25), filed on August 26, 2026;
- Non-party Guam OAG's Notice of Potential Judicial Conflict (ECF No. 29), filed on September 4, 2026, by Guam OAG Assistant Attorney General Eric S. Wojcik;
- Plaintiff's Motion for a Coordinated Briefing Schedule (ECF No. 31), filed on September 10, 2026;
- Plaintiff's Motion for Order to Show Cause (ECF No. 35), docketed under seal on September 11, 2026, and backdated to September 9, 2026, after the Court granted Plaintiff's Motion to Seal in part (*see* ECF No. 34);
- Defendant GVB's Omnibus Motion to Disqualify Counsel; for Withdrawal of Motion Filed Without Client Authorization and Consent; for Leave to File Client-Authorized Motion to

Dismiss (ECF No. 37), filed on September 11, 2026, by Joseph B. McDonald of McDonald Law Office LLC; and

- Plaintiff's Motion to Shorten Time (ECF No. 39), filed on September 14, 2026.
- Plaintiff's Amended Complaint (ECF No. 38), filed on September 14, 2026.

As a starting point, the Court finds that this last filing, Plaintiff's Amended Complaint, moots all pending motions to dismiss because "Defendants' motion[s] to dismiss targeted Plaintiff's [original] Complaint, which [is] no longer in effect." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Therefore, the Court denies as moot Defendants GVB and Chiu's motions to dismiss (ECF Nos. 20 and 24). The Court also denies as moot Defendant Chiu's Request to Take Judicial Notice (ECF No. 23) without prejudice because Defendant Chiu's Request is made in support of his now-moot motion to dismiss. And the Court will deny Plaintiff's Request for Entry of Default (ECF No. 25) as moot because Plaintiff's Request seeks entry of default on a superseded pleading. *See United States v. Proceeds from Sale of Condo. Located at Ritz Carlton in Los Angeles, Cal.*, No. SACV 15-1110 JVS (DFMx), 2016 WL 11772212, at *1 (C.D. Cal. Aug. 5, 2016) (collecting cases).

As to the remaining motions, the Court finds that coordinating the briefing schedules for all remaining motions, within the scope of the referral of this matter to the undersigned, is consistent with the fair, efficient, and expedient resolution of this matter and avoids unnecessary overlapping, duplicative, or voluminous pleadings that will further complicate orderly management of this matter. *See Dietz*, 579 U.S. at 47; *Landis*, 299 U.S. at 254; *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989). For coordination of scheduling, the Court groups the Parties' filings into four sets of issues.

First, issues concerning Defendant GVB's representation—whether Guam OAG maintains plenary control over the conduct of litigation in Defendant GVB's name and whether Guam OAG Assistant Attorney General Austin should be disqualified from representing Defendant GVB—must be addressed. The resolution of these issues will determine not only the appropriate counsel for Defendant GVB, but likely also the scope of defenses that Defendant GVB may raise and whether the Government of Guam has legally cognizable grounds to intervene. Furthermore, all involved in this litigation require clarity on who possesses the authority to make binding representations on Defendant GVB's behalf and bears the burden of complying with the rules and orders of the Court. Accordingly, ascertaining Defendant GVB's representation must be done first before the Court can decide the merits of the Government of Guam's request to intervene and any other issues implicating Defendant GVB's interests.

Second, the Court is not inclined to stay Defendant Chiu's Answer to Plaintiff's Amended Complaint, or delay briefing on any new motion to dismiss by Defendant Chiu because the status of Defendant GVB's representation does not substantively impact any arguments Defendant Chiu may raise to seek dismissal or any deadline for Defendant Chiu to answer.

Third, the Court similarly questions any substantive impact of Defendant GVB's representation on Plaintiff's request for sanctions or contempt proceedings against Defendant Chiu for allegedly violating the terms of the Court's prior order authorizing Plaintiff to proceed anonymously. Therefore, the Court will not modify the briefing schedule set in the Court's order granting Plaintiff's motion to seal her motion for an order to show cause.

Fourth, the Notice of Potential Judicial Conflict (ECF No. 29) is directed to the Hon. Frances M. Tydingco-Gatewood and not the undersigned. The Court deems the matter beyond the

scope of the referral to the undersigned and does not intend to address the Notice or modify the briefing schedule.

Accordingly, IT IS SO ORDERED:

(1) Defendant GVB's Motion to Dismiss (ECF No. 20), Defendant George Chiu's Request to Take Judicial Notice (ECF No. 23), Defendant George Chiu's Motion to Dismiss (ECF No. 24), and Plaintiff's Request for Entry of Default (ECF No. 25) are DENIED AS MOOT.

(2) Plaintiff's Motion for a Coordinated Briefing Schedule (ECF No. 31) is GRANTED IN PART and Plaintiff's Motion to Shorten Time (ECF No. 39) is DENIED AS MOOT.

(3) All deadlines on the Government of Guam's Motion to Intervene (ECF No 22) are STAYED.

(4) All deadlines concerning the Parties' scheduling and planning conference report are STAYED and the scheduling conference set for October 13, 2026, is VACATED.

(5) For Guam OAG's Motion to Clarify Scope of Representation (ECF No. 21), non-Guam OAG counsel for Defendant GVB is ordered to file any response by **September 29, 2026**, and Guam OAG must file any reply by **October 6, 2026**.

(6) For Defendant GVB's Omnibus Motion (ECF No. 37), Guam OAG counsel for Defendant GVB is ordered to file any response by **September 29, 2026**, and non-Guam OAG counsel for Defendant GVB must file any reply by **October 6, 2026**.

(7) The deadline for Defendant GVB to file any response to Plaintiff's Amended Complaint (ECF No. 38) is STAYED.

Date: September 15, 2026

HEATHER L. KENNEDY
Magistrate Judge