**IN THE DISTRICT COURT OF GUAM**

JANE DOE,

Plaintiff,

v.

GUAM VISITORS BUREAU, a Guam public corporation, and GEORGE CHIU, in his individual capacity as Chairman of the Board of Directors of the Guam Visitors Bureau,

Defendants.

Case No. 1:26-cv-00017

**ORDER GRANTING IN PART MOTION TO SEAL PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE**

Before the Court is Plaintiff Jane Doe's Motion to Seal Plaintiff's Motion for Order to Show Cause Why Defendant Guam Visitors Bureau and its Attorney Joseph B. McDonald Should Not be Held in Civil Contempt, submitted on September 16, 2026, alongside Plaintiff Jane Doe's Motion for Order to Show Cause Why Defendant Guam Visitors Bureau and its Attorney Joseph B. McDonald Should Not be Held in Civil Contempt. In Plaintiff's Motion to Seal, Plaintiff requests leave to file her Motion for Order to Show Cause under seal and to also seal all documents related to the Motion for Order to Show Cause, including any briefing by either party. In support of her request, Plaintiff contends that good cause exists to seal the filings to avoid repeating and exacerbating the harm caused by Defendants George Chiu and Guam Visitors Bureau ("GVB") alleged violation of the Court's previous order (ECF No. 7) concerning public disclosure of Plaintiff's identity, that is the subject of Plaintiff's Motion for Order to Show Cause.

## I. LEGAL STANDARD

A movant seeking to file documents under seal must overcome the strong, general

presumption in favor of public access to judicial records and documents. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). The exact showing required to overcome the presumption of public access depends on whether the materials to be sealed are "more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101; *see also Kamakana*, 447 F.3d at 1179 ("The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials."). The movant generally must identify "compelling reasons" to justify sealing unless the materials at issue do not meet the tangential-relevance threshold, in which case the movant need only show that "good cause" exists to permit the materials to be filed under seal. *Ctr. for Auto Safety*, 809 F.3d at 1097; *Kamakana*, 447 F.3d at 1180.

Here, the materials Plaintiff seeks to file under seal are not "more than tangentially related to the merits of a case." Plaintiff seeks to seal a motion and related materials concerning a party's alleged noncompliance with a procedural order—*i.e.*, the materials are not "directly related to the merits of the case," do not involve the "presentation of substantial evidence," or otherwise raise the specter of terminating the underlying case in whole or in part. *Ctr. for Auto Safety*, 809 F.3d at 1098–1100. As such, the "good cause" standard applies. *Id.* at 1097; *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions."); Fed. R. Civ. P. 26(c)(1) ("The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."); *see also Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000) (listing issuance of protective orders under Fed. R. Civ. P. 26(C) among means to preserve party anonymity where party has demonstrated need for anonymity). Plaintiff bears the burden of identifying "specific prejudice or harm" should the materials not be sealed, *Beckman Indus., Inc.*

*v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992), including "a particularized showing of good cause with respect to any individual document[,]" *San Jose Mercury News, Inc. v. U.S. Dist. Ct.-N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir 1999); *see also In re Coordinated Pretrial Proc. in Petroleum Products Antitrust Litig.*, 101 F.R.D. 34, 40 n.7 (C.D. Cal. 1984) ("The good cause requirement is met by a showing that disclosure will work a clearly defined, specific and serious injury."). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," are inadequate. *Beckman*, 966 F.2d at 476 (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

## II. DISCUSSION

Here, the materials Plaintiff seeks to seal are Plaintiff's Motion for Order to Show Cause and all related documents, including any briefing thereon. Plaintiff's two Motions assert that Defendant GVB submitted filings that include sufficient identifying information to nullify her anonymity. As such, Plaintiff seeks to hold Defendant GVB and its attorney Joseph McDonald in civil contempt for violating the Court's order. Plaintiff's filings list ECF Nos. 37-14 and 37-15 as the "offending filings" and requests they be stricken from the public docket or refiled with appropriate redactions. Plaintiff also seeks a protective order under Rule 26(c). Plaintiff's filings do not include exact citations to where in the filings the identifying information is included.

The Court recognizes that the substantive claims in this case rest on allegations of a "prolonged course of severe and pervasive sexual harassment, sexual assault, [and] retaliation" (Compl. 1, ECF No. 1), implicating matters of a "sensitive and highly personal nature" and posing a "risk of retaliatory physical or mental harm," *Advanced Textile Corp.*, 214 F.3d at 1068 (first quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), then citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)), should Plaintiff's identity be disclosed—especially because of the substantial media attention on the case and the public nature and profile of Defendants. (*See also*

Compl ¶¶ 18-21, 40, 66 (alleging psychological injuries, shame, and fear of retaliation).)

The Court finds that good cause exists to seal Plaintiff's Motion for Order to show Cause and related filings at least until the Court can consider all briefing on the matter. Plaintiff has identified specific prejudice or harm that would result should documents and briefing concerning her identifying information allegedly in Defendant GVB's filings be made public. *Beckman*, 966 F.2d at 476; *Ctr. for Auto Safety*, 809 F.3d at 1097; *Kamakana*, 447 F.3d at 1180. Furthermore, considering the contentions in Plaintiff's Motion for Order to Show Cause, the Court will also order that Defendant GVB's filings that are the subject of Plaintiff's Motion for Order to Show Cause be sealed pending a hearing or final disposition of Plaintiff's Motion for Order to Show Case, whichever is earlier. *Phoenix Newspapers*, 156 F.3d at 949 ("To be sure, a court has the right to temporarily seal access to court records pending a hearing."). However, the Court expects that after closer review of alleged offending filings and all briefing in this matter that the entirety of the motions and related filings will not remain sealed but redacted versions or the entirety of the filings will be publicly available. Accordingly, the Court orders that Plaintiff specifically identify the offending information and paragraphs or submit a redacted version of Defendant GVB's filings that allegedly include identifying information. The Court denies as premature Plaintiff's request for attorneys' fees and costs as related to Plaintiff's Motion to Seal. Any request for attorneys' fees and costs related to Defendant GVB's alleged violation of the Court's order is appropriately addressed once proceedings related to determining whether Defendant GVB indeed violated the Court's order are complete or as part of any contempt proceedings. Finally, the Court emphasizes that it will make a determination on any continued sealing once all papers are submitted and the Court can consider argument.

## III. Conclusion

For the reasons set forth above, the Court orders:

(1) Plaintiff's Motion to Seal Plaintiff's Motion for Order to Show Cause Why Defendant Guam Visitors Bureau and its Attorney Joseph B. McDonald Should Not be Held in Civil Contempt, submitted September 16, 2026, is GRANTED IN PART.

(2) The Clerk is directed to docket Plaintiff's Motion to Seal and this Order on the public docket.

(3) The Clerk is directed to docket Plaintiff's Motion for Order to Show Cause Why Guam Visitors Bureau and its Attorney Joseph B. McDonald Should Not be Held in Civil Contempt, submitted September 16, 2026, UNDER SEAL.

(4) The Clerk is directed to docket all briefing and attachments on Plaintiff's Motion for Order to Show Cause Guam Visitors Bureau and its Attorney Joseph B. McDonald Should Not be Held in Civil Contempt, including any opposition by Defendant GVB, UNDER SEAL.

(5) The Clerk is directed to SEAL Defendant GVB's Exhibit N – Defendant GVB's Motion to Dismiss (ECF No. 37-14) and Exhibit O – Defendant GVB's Motion to Dismiss (ECF No. 37-15), pending further order of the Court.

(6) The Clerk is directed to file UNDER SEAL Defendant GVB's Opposition to Plaintiff's Motion to Seal, submitted September 17, 2026.

(7) Plaintiff is directed to file UNDER SEAL any reply to Defendant GVB's Opposition, and any proposed redacted versions of Defendant GVB's Exhibit N – Defendant GVB's Motion to Dismiss (ECF No. 37-14) and Exhibit O – Defendant GVB's Motion to Dismiss (ECF No. 37-15), or identify the offending information for the Court's review, by **October 2, 2026**. In addition to addressing the arguments set forth in the Opposition, Plaintiff should also address (1) the impact, if any, of the time during which Defendant GVB's filings containing Plaintiff's identifying information have been publicly available

on whether such filings should remain under seal; and (2) whether the Parties should be required to file redacted versions of any filings containing Plaintiff's identifying information. *See Phoenix Newspapers*, 156 F.3d at 949 ("Indeed, if a document becomes part of the public record, the public has access to it, and the press may report its contents."); *Liles v. Cnty. of Sacramento*, No. 2:24-cv-00416-KJM-CKD, 2024 WL 1971882, at *3 (E.D. Cal. May 3, 2024) (considering whether "the prejudicial information has already been accessed by the public").

(8) Plaintiff's request for attorneys' fees and costs is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED this 22nd day of September, 2026.

HEATHER L. KENNEDY
Magistrate Judge